## IN RE CLASBY.

HABEAS CORPUS—APPEALS.—Neither the defendant named in the writ nor the people have the right to an appeal from an order discharging a person upon a hearing of habeas corpus.

APPEAL from the third district court. The opinion states the facts.

Z. Snow and Sheeks & Rawlins, for the appellants.

No brief on file.

Arthur Brown, for the respondent.

Respondent alleges that there is no appeal given to the person that is seeking to arrest him. The act of habeas corpus of the territory of Utah is a copy of the California statute, and no appeal has ever been allowed under that act: In re Parsons, 2 Cal. 430; People v. Selvester, 40 Id. 627.

The theory of the law on that subject is this: The person having the custody of the petitioner has no right of appeal, because he can have no beneficial interest or right in the imprisonment of petitioner. The applicant has no right of appeal, because in all cases he may apply at once, by another original writ, to the appellate court itself, there being no such thing as res adjudicata in such cases: Cases above cited.

TWISS, J.:

The respondent, being arrested and brought before Alex. C. Pyper, a justice of the peace in Salt Lake City, upon a warrant charging him with the unlawful sale of spirituous liquors without obtaining a license from the county of Salt Lake for the sale of the same, made application to the judge of the third district court for a writ of *habeas corpus*, which was granted, and made returnable before the third district court, to which return was made by the defendant, the constable making the arrest, that the plaintiff was held by him under and by virtue of said warrant and order of said justice of the peace.

On the hearing of the parties upon the writ and return thereof, the court ordered the discharge of the plaintiff, from which the defendant and the people of the territory of Utah appealed to this court.

Two questions are raised by the arguments of counsel: 1. Was the plaintiff rightfully discharged by the court below ? 2. Have the appellants the right of appeal to this court ?

If the appeal is not rightfully here, we need go no further in the case; the first question, whether correctly decided by the court below or not, is not essential to a disposal of the appeal in this court.

In the case of *Wythe* v. *Richardson*, 10 Gray, 240, Shaw, C. J., in the opinion of the court, says : " The great purpose of the writ of *habeas corpus* is the immediate delivery of the party deprived of personal liberty. The allowance of exceptions would be inconsistent with the object of the writ. The consequence of allowing exceptions would be inconsistent with the writ. The consequence of allowing exceptions must be either that all further proceedings be stayed, which would be wholly inconsistent with the purpose of the writ, or that the exceptions must be held frivolous and judgment *non abstante* for the discharge of the party, in which case the exceptions would be unavailing. The allowance of the exceptions would be unavailing. The allowance of the exceptions being thus inconsistent with the very purpose of the writ, the conclusion must be that the exceptions do not lie."

The provisions of section 1553 of the complied laws, that an appeal may be taken from a final judgment in an action

or special proceeding commenced in the court in which the judgment is recorded, and of the organic act, that writs of error, bills of exception, and appeals shall be allowed in·all cases from final decisions of said district courts to the supreme court, do not give the defendant and the people of this territory the right of appeal in this case.

By sections 1144 and 1145 of the compiled laws, it is provided that the court or judge shall proceed in a summary manner to settle the facts by hearing the testimony and arguments of the parties interested, and shall dispose of the prisoner or prisoners as the case may require, and "if no sufficient or legal cause of detention is shown, the plaintiff must be discharged."

A person unlawfully imprisoned invokes the writ of *habeas corpus* with the expectation that an intelligent, conscientious discharge of judicial duty will restore to him his liberty. And upon the judge who hears and determines the cause rests an important responsibility both to the prisoner and to the people.

It is not to be presumed that a court or judge will hastily or without due consideration either remand the plaintiff into custody or discharge him from arrest. If the judge is of the opinion that the process by which the plaintiff is held is illegal, or that he is unlawfully restrained of his liberty, he is bound to release him from such unlawful restraint; and upon an order discharging him, the prisoner is entitled to unrestrained liberty, unless the defendant who holds him in custody or the people have the right of appeal, and the judge, or court upon appeal being taken, has the right to order the prisoner into the custody from whence he came until the legality of such imprisonment is determined by the appellate court, in which case the writ is of no avail to the prisoner; if he is permitted to go at large pending the appeal, the appeal in most cases would be of no use to the people, for the reason that the plaintiff has absconded.

The object of the writ is that the right to a discharge may in a summary manner be at once determined. If the people have a right to an appeal when the plaintiff is by order of the court or judge discharged, then in such case the writ falls far short of the purpose for which it was intended, and for·the

last two centuries has been used. Suppose for a moment the appeal to be well taken, and that this court should find that the court below erred in discharging the plaintiff: can this court issue a bench-warrant for his rearrest, or direct the justice of the peace to again issue his warrant upon the same or original complaint for arrest of the person there charged with the commission of a criminal offense, for which he was arrested, imprisoned, and discharged from arrest by the district court? Or suppose, in the mean time, a grand jury have passed upon the facts involving the guilt or innocence of the plaintiff, and have refused to find an indictment: ought the plaintiff to be again arrested by an order of this court, and compelled to defend himself against an arrest made on such an order?

It is easy to see that such proceedings would inevitably result in inextricable confusion; and if the discharge of the applicant upon a writ of *habeas corpus*, before a court or judge having jurisdiction, is an order or judgment from which an appeal can be taken to this court, necessarily attended with unavoidable delay, the value of this great writ as a safeguard of personal liberty is at least greatly impaired, if it is not changed into a means of oppression: *Yates* v. *People*, 6 Johns. 335; *Ex parte Jils*, 64 Mo. 205.

For these reasons, we are all of the opinion that the defendant named in the writ of *habeas corpus* and the people of this territory have no right to an appeal from the district court to this court, and the appeal is dismissed.

HUNTER, C. J., and EMERSON, J., concurred.