L. H. MEAD, RESPONDENT *v.* JOHN W. METCALF, APPELLANT.

HABEAS CORPUS.—APPEAL.—Under section 9 of the Organic Act of Utah Territory providing "that writs of error, bills of exceptions, and appeals, shall be allowed in all cases from the final decision of the district courts to the Supreme Court of the Territory; and under section 3635, 2 Comp. Laws, 1888, providing "that an appeal may be taken to the Supreme Court from the district court from all final judgments in an action or special proceeding;" and section 5134, Id., providing "that either party in a criminal case may appeal to the Supreme Court on questions of law alone," no appeal will lie from an order discharging a prisoner upon *habeas corpus.*

APPEAL from an order discharging L. W. Mead from custody made by Hon. James A. Miner, judge of the district court of the first district.

*Mr. A. R. Heywood,* for the appellant.

*Messrs. Smith and Smith,* for the respondent.

ZANE, C. J.:

The plaintiff was arrested for a violation of an alleged ordinance of Ogden City prohibiting dentists from practicing their profession without a license from a board of examiners appointed by the city council; and the court below discharged him after a hearing upon a writ of *habeas corpus*. From the order of discharge the defendant has prosecuted an appeal to this court, and the plaintiff moves the court to dismiss for the reason that the right of appeal does not exist from such an order.

When an individual is unlawfully deprived of his liberty a writ of *habeas corpus* is his most simple and speedy remedy. Under the statutes of Utah the writ may issue upon application of the prisoner or other person on his behalf, or the judge or court may issue the writ on his or its own motion upon sufficient evidence; and upon the return of the writ the statute requires the court or judge to proceed in a summary manner to hear the testimony and arguments, and to dispose of the prisoner as the case may require. And in all cases where the imprisonment is for a criminal offense, and the commitment may have been informal or without due authority, or the process may have been executed by a person not duly authorized, the court is authorized to make a new commitment, or admit the party to bail, if the case be bailable.

The duty of the judge or court upon such a hearing is similar to that of the magistrate upon a preliminary examination; and, though the prisoner may be discharged, he may be again arrested for the same offense upon a sufficient showing. While the decision of the judge or court may liberate the prisoner from arrest, it does not determine his innocence. He may be indicted, tried, and convicted without regard to the discharge upon the writ

·of *habeas corpus.* Upon such a hearing the guilt or innocence of the prisoner of the crime charged, or of the right to reimprison him in consequence of it, cannot be finally determined. The order of his discharge simply releases him from the particular restraint to which he ·is subjected. Such a decision cannot convict him or acquit him of the crime, or determine his imprisonment in consequence of it. It is not final. Section 9 of the Organic Act of Utah Territory, provides that "writs of error, bills of exceptions, and appeal shall be allowed in all cases from the final decision of said district courts to the Supreme Court under such regulations as may be prescribed by law." And section 3635, vol. 2, Comp. Laws Utah 1888, provides that "an appeal may be taken to the Supreme Court from the district court from all final judgments in an action or special proceeding," etc. And section 5134 of the same volume provides that "either party in a criminal action may appeal to the Supreme Court on questions of law alone."

The order from which the defendant attempted to appeal was not a final judgment within either of the provisions above quoted; nor did the order of discharge upon the hearing upon the writ of *habeas corpus* involve a question of law only; nor do we think an appeal from such an order within any special provision of the statute. In some of the States the decision of the court upon such a hearing may be reviewed at the instance of the State when the prisoner is discharged, as well as at the instance of the prisoner when he is remanded. In others the appeal is allowed only at the instance of the prisoner when he is remanded, or when the writ is denied. The right of appeal does not exist in either case without statutory authority. To entangle the proceeding by writ of *habeas corpus* with an appeal would deprive it of its

efficacy as a simple and speedy remedy for the wrongs for which it was designed. In many cases an appeal would be an idle process unless the prisoner could be held during its pendency; and, if so held, this beneficent and time-honored writ in all such cases would be thereby deprived of its efficacy as a means of swift relief from oppression by unlawful imprisonment. In the case of *In re Clasby*, 3 Utah, 183, 1 Pac. Rep. 852, the court held that neither the defendant named in the writ nor the people have the right to an appeal from an order discharging a person upon a hearing upon a writ of *habeas corpus*. To the same effect are *People* v. *Schuster*, 40 Cal. 627; *Wyeth* v. *Richardson*, 10 Gray, 240. We are of the opinion that an appeal does not lie to this court from an order of the district court discharging a person from arrest upon a writ of *habeas corpus*. The motion of the respondent to dismiss the appeal for want of jurisdiction in this court to hear it, is allowed. Appeal dismissed.

ANDERSON, J., and BLACKBURN, J., concurred.