BUCK GARRETT, *Chief of Police,* v. CHARLES KERNER.

No. A-1103. Opinion Filed June 6, 1911.

HABEAS CORPUS—Right of Appeal. The judgment of a district court in a habeas corpus proceeding is not subject to review on a writ of error, or appeal.

*Appeal from District Court, Carter County; S. H. Russell, Judge.*

A writ of *habeas corpus* was allowed upon the application of Charles Kerner; Buck Garrett, chief of police, respondent.

From the judgment of the district court discharging petitioner, respondent appeals. Dismissed.

*J. B. Moore* and *R. A. Hefner,* city attorney, for plaintiff in error.

*Johnson & McGill,* for defendant in error.

DOYLE, J. The city of Ardmore by its attorney and marshal have in this case attempted to appeal from the following judgment:

"In the District Court of Carter County, Oklahoma.

"*Ex parte* Charles E. Kerner.

"On this 30th day of November, 1910, came on for final hearing the petition of Charles Kerner alleging that he was illegally restrained by the chief of police of Ardmore after having been convicted by the municipal court of the city of Ardmore for violation of paragraph A of section 4 of ordinance No. 66 of the city of Ardmore, and said petitioner appearing in person and through his counsel, W. B. Johnson;

"And also came the chief of police, Buck Garrett, through his counsel and said cause was submitted to the court on the pleadings and agreed statement of facts filed in said cause; and after considering said matter and hearing the argument of counsel and being fully advised in the premises, the court finds that the paragraph A of section 4, of said ordinance No. 66 is in conflict with the laws of the state of Oklahoma in restraining the sale of meat in Ardmore that has been properly inspected under the provisions of the state law, and such inspection being had in the case at bar finds that the city of Ardmore and the chief of police of said city has no right to restrain said petitioner from an alleged violation of said paragraph A of section 4 of said ordinance.

"It is therefore ordered, adjudged and decreed that the said petitioner, Charles E. Kerner, be and is hereby discharged, to all of which the respondent, Buck Garrett, duly excepts.

"It is further ordered, adjudged, and decreed that motion of respondent for a new trial be, and is, hereby overruled, to which respondent excepts.

"It is further ordered, adjudged, and decreed that respondent be allowed ninety days to prepare and serve case-made, ten days after which to suggest amendments, and ten days to be settled.

"S. H. RUSSELL, Judge."

A petition in error with case-made attached was filed with the clerk of this court on April 18, 1911.

On May 27th, counsel for defendant in error filed their motion to dismiss said appeal, together with proof of service of a copy of the same upon counsel for plaintiff in error, for the reason "that no appeal lies in a *habeas corpus* case where the petitioner has been discharged as is shown by the record in this case," and in support thereof cite the case of *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461. Also they cite the case of *Wisener v. Burrell,* 28 Okla. 546, 118 Pac. 999, .wherein our Supreme Court held that an appeal does not lie from a judgment of a district court in a *habeas corpus* proceeding, discharging petitioner. Justice Dunn delivered the opinion of the court, and, upon a review of the authorities, concluding, said:

"Little, if anything, can be added to the force of the logic and reasoning contained in the foregoing cases. It is to be noted, also, that our Constitution on this subject is as broad as it may well be. Section 10 of article 2, commonly known as the 'Bill of Rights,' provides in broad and comprehensive terms that 'the privilege of the writ of *habeas corpus* shall never be suspended by the authorities of this state.' It is to be noted that the language of the Constitution is not merely that the writ of *habeas corpus* shall never be suspended, but it is the privilege of the writ which is never to be suspended. 'Privilege,' according to Webster (Webster's New International Dictionary), means 'special enjoyment of a good, or exemption from an evil or burden,' etc. 'Suspended' is defined as 'temporarily inactive or inoperative; held in abeyance.'

"Undoubtedly courts, sheriffs, and other public officers of the state are authorities thereof, and if a party invoking the privilege of this writ may be reincarcerated by a sheriff, or other officer, on the order of a court or judge of the state, pending an appeal, then unquestionably his privilege under the operation of the writ would not only be suspended, but virtually destroyed and denied. So jealous have the people been of an opportunity being afforded every citizen for a speedy determination of the righteousness of his incarceration, that they have placed the power to adjudicate that question in every court of record and judge thereof in the state. Even the county court and its judge is vested with a limited jurisdiction to issue this writ.

"Hence the contention of counsel for defendant in error must be sustained, and the appeal is accordingly dismissed."

In the cases cited, this court and the Supreme Court of this state have held that the judgment in a *habeas corpus* case is not *res adjudicata* and is not reviewable under a general law allowing an appeal from all final judgments.

The motion to dismiss is well taken and should be sustained. Wherefore the appeal is dismissed.

FURMAN, P. J., and ARMSTRONG, J., concur.