### HEDTKE v. KUKUK.

No. 12271—Opinion Filed Oct. 30, 1923.

Rehearing Denied Nov. 27, 1923.

1. **Habeas Corpus—Custody of Minor—Appellate Jurisdiction.**
The Supreme Court has jurisdiction on appeal to review an order of the district court awarding the custody of a minor child to one of the parties in a habeas corpus proceeding brought for the purpose of determining who has the right to the custody and control of such minor.

2. **Parent and Child — Custody of Child—Right of Father.**
When the mother of the minor child is dead, a father, who is of good character and a proper person to have the custody of the child, and reasonably able to provide for it, is entitled to the custody as against other persons.

3. **Habeas Corpus—Action by Father for Custody of Minor—Burden of Proof.**
In a habeas corpus proceeding brought by the surviving parent to recover custody of a minor child, the burden of proof is upon the respondents to show they hold the child under an order of a court of competent jurisdiction, or that the petitioning parent is an unfit and improper person to have such care and custody.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Eerror from District Court, Noble County; J. W. Bird, Judge.

J. C. Hedtke filed his petition for a writ of habeas corpus in the District Court of Noble County to recover the custody of his minor children from the defendant, Fred Kukuk. Writ denied, and plaintiff brings error. Reversed and remanded to the court below, with instructions to vacate the order heretofore made and award the writ.

J. F. Murray, H. S. Johnston, and L. B. Robinson, for plaintiff in error.

W. M. Bowles, for defendant in error.

Opinion by RUTH, C. This was an application for a writ of habeas corpus filed in the district court of Noble county, whereby the plaintiff in error seeks to recover the custody of his two minor children, Eva Leona Hedtke, age 10 years, and Walter Irvin Hedtke, age 5 years, the petition alleging they are now in the custody of Fred Kukuk and Annie Kukuk. The parties will be referred to as petitioner and respondent, as they appeared in the court below.

Upon trial had, petitioner demurred to the respondent's evidence, and upon a judgment denying the writ, this cause is properly before this court for review.

While it is true, "no appeal lies to this court from an order in a habeas corpus proceeding, brought by a party imprisoned or restrained of his liberty" (Wisener v. Burrell, 28 Okla. 546, 118 Pac. 999; Williams v. Sale et al., 33 Okla. 659, 126 Pac. 800; Ex parte Johnson, 1 Okla. Cr. 414, 98 Pac. 461), nevertheless "this court has jurisdiction on appeal to review an order of the district court awarding the custody of a minor child to one of the parties in a habeas corpus proceeding brought for the purpose of determining who has the right to the custody and control of such minor." Jamison v. Gilbert, 38 Okla. 751, 135 Pac. 342. This being true it remains to be determined whether the evidence in the court below was sufficient to sustain the order denying the writ.

Respondent in his brief concedes that the father of the minor children has a paramount right to their custody, and the burden of proving his unfitness rests upon respondents, and we feel the rule of law applicable to this case is well stated in 29 Cyc. 1590, as follows:

"A parent who is of good character and a proper person to have the custody of the child, and reasonably able to provide for it, is entitled to the custody as against other persons, although such others are much attached to the child, and the child attached to them, and prefers to remain with them, and they are in all respects suitable to have the child and able to support and care for it, and even though they are of larger fortune or able to provide for the child more comfortably than the parent, or to care for it better, or to give it a better education than the parent can afford."

Applying this rule, we find from the uncontroverted evidence that the petitioner owns several farms, had money in the bank

and money loaned on interest, and there is no question as to his financial ability to properly care for these children. The financial condition of the father, however, is not the only matter to be considered, as vast wealth and over indulgence of a parent often proves a curse instead of a blessing, and the character and habits of the petitioner must be taken into consideration apart from his financial standing, for the interests of the children are paramount, and an upright moral citizen of limited means is much more to be desired than a wealthy moral leper.

The petitioner having demurred to the evidence of the respondents, and assigned as error the insufficiency of the evidence to sustain the order denying the writ, and that the order was contrary to the evidence, the whole record is thus brought before us, and our conclusions have been reached after careful consideration of all the evidence introduced.

It appears from the testimony that petitioner married a Mrs. Carr, who had two children by a former marriage, to wit, Leonard and Nealy Carr, and at the time of such marriage petitioner was father of several children by a former marriage, and this union was the second matrimonial venture for both parties, and the evidence discloses it was not a happy one, and in June, 1917, after the birth of the second child, the parents separated, and a divorce was obtained, the mother being awarded the custody of these children, and she taught them to despise their father, and forbid them to speak to him or receive money or gifts from him. The divorced wife afterwards moved from Texas to Noble county, Okla., and married a man by the name of Voss, and in December, 1920, in Noble county, Voss shot and killed her, and after her death the children, Eva Leona and Walter Irvin Hedtke, were taken by the respondent, Fred Kukuk, and his wife, Annie Kukuk, the latter being a sister of the deceased Mrs. Voss. The respondents sought to prove petitioner was a habitual drunkard and cursed his wife and children and made the children work hard. The only evidence introduced touching petitioner's unfitness was adduced from Annie Kukuk and the two sons of deceased by a former marriage, and these witnesses knew nothing of petitioner's habits for the last 6 or 8 years, but when they did know of his habits "they knew he would get drunk and curse his wife and the boys," and on one occasion made charges affecting the chastity of his wife. Three other witnesses, who knew nothing of the

petitioner's habits for the last 10 or 15 years, testified that "he always treated his first wife and family very well," but after his marriage to deceased "he had a way of being cross to the Carr boys," and one testified that she once knew him some 10 or 15 years ago to call one of the Carr boys a "damn mule."

This was the substance of the respondents' testimony, and thereupon after demurrer filed and overruled, the petitioner attempted to introduce a "Certificate of Character" in the following words, to wit: "State of Texas, County of Karnes.

"The undersigned officials of Karnes county, Texas, state that they are well acquainted with Mr. J. G. Hedtke, who is a resident of Runge, this county, and that he owns two nice farms in the county, and is regarded as a good upright, hard working, honest man, and a man whose word and promises is considered as binding as his bond. He is considered as a man of considerable wealth, and well able to provide for and educate his two children who we understand are now in Oklahoma. We state that from our acquaintance with him as to his general standing in the community, he is a good moral man, and is married to a nice kind lady and has a comfortable home within 2 miles of Runge. J. F. Murray, of Runge, Texas, is his attorney.

"Karnes City, Texas, January 8, 1921.

"D. C. Klingeman, County Judge.
"Robt. G. Robuck, County Clerk.
"J. O. Faith, County Attorney.
"E. C. Scale, Tax Collector.
"L. H. Renser, Tax Assessor.
"J. F. Brown, Sheriff."

As this certificate of character was not in the form of a deposition, and the respondents having no opportunity to cross-examine, we find no error in the ruling of the trial court in excluding this evidence, and the same cannot be considered by this court. Petitioner introduced the depositions of his present wife; his five sons, whose ages ranged from 38 to 19 years; two step-sons by a former marriage of the present Mrs. Hedtke, age 22 and 19, she bringing him five children by a former marriage, and neighbors who had known petitioner for years, and their testimony was to the effect that he was a kind and indulgent husband and father, who taught his children and step-children to work hard, save their money, be honest, never lie, and would not allow them to swear or use bad language. Two of the sons testified that "father drank after his marriage to Mrs. Carr (the deceased) and they had frequent quarrels, but never was drunk after the separation and divorce." The testimony

shows the petitioner owns several farms in Texas, and has money loaned on mortgages, that all his children and step children live on farms in close proximity to the petitioner, and they constitute a large and happy community and family, and all love and respect the petitioner. Other neigh bors whose ages range from 50 to 78 years. who were wholly disinterested, and had known him for years, testified to his good character, that he was a kind and indulgent father toward all his family, his own. as well as his step-children. The justice of the peace of Runge, Texas, testified he had known petitioner for the past ten years and petitioner had never known him to be charged with being drunk. All the witnesses for petitioner testified to the character of the Carr boys and their character for truth and veracity, and that it was very bad.

This, in substance, was the testimony in this case, and we cannot say there was sufficient evidence to sustain the order denying the writ. Courts are reluctant to decree the separation of parent and child, and will do so only when the proof of the parent's unfitness is clear and convincing. In Ex parte Davidge, 72 S. C. 16, 51 S. E. 269, cited with approval by this court in Jamison v. Gilbert, supra, it was said:

"To separate a child from its parent is, therefore, in a very strong measure, justified only by convincing proof of the parent's unfitness. No inflexible rule can be laid down by which unfitness may be determined. Each case must be decided on its own particular facts. * * * The condition in life or the character and habits of the parent must be shown to be such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot be reasonably expected at his hands."

Applying the foregoing rules to the facts in this case, we find no showing that the petitioner is an unfit or improper person to have the care and custody of the minor children named in the petition, and the judgment of the trial court should be reversed, with directions to grant the writ and award the custody of the children, Eva Leona Hedtke and Walter Irvin Hedtke, to the plaintiff in error.

By the Court: It is so ordered.