STATE ex rel. ATTORNEY GENERAL v.
HIGGINS, District Judge.

No. 10357.   April 14, 1943.

(137 P. 2d 273.)

324

328

330

334

Mac Q. Williamson, Atty. Gen., by J. Walker Field, Asst. Atty. Gen., for petitioner.

Guy L. Andrews, of McAlester, for respondent.

PER CURIAM. This is an original action in this court in the name of the State of Oklahoma, against respondent, R. W. Higgins, judge of the 15th Judicial District, in which the Attorney General, as relator, asks for a permanent writ of prohibition against respondent, as district judge of Pittsburg county, prohibiting the granting of a writ of habeas corpus in cause No. 18596, entitled: "In re petition of Raymond Greer for Writ of Habeas Corpus", to be directed to Fred Hunt, warden of the State Penitentiary, and praying that said respondent be restrained from taking any further action in said habeas corpus proceeding until said petitioner has fully served the term of imprisonment for which he was sentenced on September 22, 1941, in said district court.

Writs of prohibition are not mentioned in the statutes of this state.

The authorities all agree that prohibition is a common-law writ.

It is the established rule that:

"The power is limited as it was at common law, to cases where the act sought to be prohibited is of a judicial nature, in the absence of constitutional or valid statutory provision to the contrary."

It is a remedy provided by the common law against the encroachment of jurisdiction by inferior courts, and for the purpose of keeping such courts within the bounds prescribed for them by law. The functions whose exercise may be restrained by it are judicial functions. Unlike a writ of injunction, which acts upon the parties to the suit, a writ of prohibition operates upon the court.

The universal rule is that:

"The writ lies only as between courts which sustain to each other the relation of superior and inferior, and cannot issue from a court to prohibit another court which is in no manner subordinate or inferior to it." 23 A. & E. Ency. of Law, pp. 217, 218, and cases cited.

In Estes v. Crawford, District Judge, 62 Okla. Cr. 156, 60 P. 2d 798, 799, we said:

"Writ of 'prohibition' may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction."

Like all other prerogative writs, prohibition is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be issued only in cases of extreme necessity. A court will not issue a prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases. Nor will it ordinarily be issued in a doubtful case. 22 R. C. L. pp. 4 and 5.

The writ of prohibition is that process by which an appellate court prevents an inferior court from usurping and exercising unauthorized jurisdiction. State ex rel. Attorney General v. Stanfield, Judge, 11 Okla. Cr. 147, 143 P. 519. Estes v. Crawford, supra.

Prohibition will lie only to prevent an encroachment, excess, usurpation or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure. Ex parte Jones, 160 S. C. 63, 158 S. E. 134, 77 A.L.R. 235. And see Annotation 77 A.L.R. 245.

Upon the question of jurisdiction, article 7, sec. 10, of the Constitution provides:

"The district courts, or any judge thereof, shall have power to issue writs of habeas corpus."

The relevant provisions of the Habeas Corpus Act are as follows:

"Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay." Sec. 684, Sts. 1931, 12 O. S. 1941 § 1333.

"The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint or for a continuance thereof, shall discharge the party." Sec. 692, Sts. 1931, 12 O. S. 1941 § 1341.

This court, in Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461, 464, said:

"In determining the construction to be given to these provisions, we are mindful that the great object and purpose of the writ of habeas corpus is the liberation of those who may be imprisoned without sufficient or probable cause. It is the most simple and speedy remedy. Habeas corpus is the great prerogative writ, and is the best protection and most efficient security of personal liberty known to the law. Its history is lost in antiquity. It was in use before, but the first royal recognition of it is found in Magna Charta. It was guaranteed to our English ancestors by the habeas corpus act of 1679, and came to us as a part of our inheritance from the mother country. It was secured to the citizen by that part of Article 1, § 9, Const. U. S., which provides: 'Sec. 9. The privilege of the writ of habeas corpus shall not be suspended unless when, in case of rebellion or invasion, the public safety might require it.' And that part of Article 14 of the Amendment to the Constitution of the United

States which provides that no person shall be deprived of life or liberty 'without due process of law.' \* \* \*

"It is secured to the people of Oklahoma by section 10 of the Bill of Rights, which is as follows: 'Sec. 10. The privilege of the writ of habeas corpus shall never be suspended by the authorities of this state.' The great and leading intent of our Constitution in respect to the writ of habeas corpus is manifest. It is that every citizen may be protected by judicial action from unlawful imprisonment. By virtue of this broad and comprehensive provision in the Bill of Rights, and the existing statutes, it is a writ of right; and this court, the Supreme Court, the district court and county court, and any justice or judge thereof has power to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty of any person in jail who is in custody in violation of his rights under the Bill of Rights. The Constitution or the laws of the state, and the court, justice, or judge to whom the application is made, shall forthwith allow a writ of habeas corpus, unless it appears from the petition itself that the petitioner is not entitled thereto."

The Supreme Court of this state construed this provision of the Bill of Rights in the case of Wisener, Sheriff, v. Burrell, 28 Okla. 546, 118 P. 999, 1000, 34 L.R.A., N. S., 755, Ann. Cas. 1912D, 356. The court, speaking through Mr. Justice Dunn, says:

"In the discussion of the case of Ex parte Johnson, supra, Judge Doyle, of the Criminal Court of Appeals of this state, takes note of the fact that no specific provision is made in the statute for appeals in this class of cases, and concludes that, had it been intended to provide for appeals, some proper provision would have been made."

Discussing the same he used the following language:

"It is to be noted, also, that our Constitution on this subject is as broad as it may well be. Section 10 of

article 2, commonly known as the 'Bill of Rights', provides in broad and comprehensive terms that 'the privilege of the writ of habeas corpus shall never be suspended by the authorities of this state.' It is to be noted that the language of the Constitution is not merely that the writ of habeas corpus shall never be suspended, but it is the privilege of the writ which is never to be suspended. * * *

"So jealous have the people been of an opportunity being afforded every citizen for a speedy determination of the righteousness of his incarceration, that they have placed the power to adjudicate that question in every court of record and judge thereof in the state. Even the county court and its judge is vested with a limited jurisdiction to issue this writ."

This court in Ex parte Mingle, 2 Okla. Cr. 708, 104 P. 68, held:

"That the writ of habeas corpus is a writ of right, and cannot be abrogated or its efficiency impaired by statute, and the cases within the relief afforded by the writ at common law cannot be placed beyond its reach under the constitutional guaranty." And see Ex parte Justice, 3 Okla. Cr. 111, 104 P. 933, 25 L.R.A., N.S., 483, and cases cited.

That which Blackstone said about the Constitution of his country is equally applicable to ours:

"Magna Charta only, in general terms, declared that no man should be imprisoned contrary to law; the habeas corpus act points him out effectual means, as well to release himself, though committed, even by the king in council, as to punish all those who shall thus unconstitutionally misuse him." Book Iv. 439.

In Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, 784, we said:

"In proceedings by habeas corpus neither this court nor the Supreme Court exercises appellate jurisdiction

when it issues this writ, and in issuing the writ and determining the questions arising under it, neither possess more power than is possessed by a district court or any judge authorized by law to issue the writ and authorized to remand or discharge the prisoner according to the circumstances of the case.

"The state by virtue of its own sovereignty, never delegated nor relinquished, has the right to inquire for itself through its courts of record into the cause of restraint of its citizens. The Constitution confers the power upon the Supreme Court and each of the Justices, and upon 'the district courts or any judge thereof,' to issue writs of habeas corpus." And see Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719.

Where personal liberty is concerned, the judgment and process of a court affecting it is not so conclusive but that the question of its authority to imprison the party may be reviewed on habeas corpus by a court or judge having power to award the writ. Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759. And see Ex parte Myers, 12 Okla. Cr. 575, 160 P. 939.

In conclusion, we simply add that it is apparent from the record, which we have set out in full, that there is no substantial ground upon which this application for the writ is based, if the principles enumerated and applicable and the conclusions reached are correct, the petition is insufficient to state a cause of action for the issuance of a writ of prohibition as prayed therein.

For the reasons stated, the return of the respondent was adjudged sufficient in fact and law that said district court and respondent as judge thereof had jurisdiction in the habeas corpus proceeding in question, that therefore the alternative writ be quashed, and the application for the writ of prohibition be, and the same is hereby, denied.