**Michael PARSONS and the State of Oklahoma, Petitioners,**

v.

**Walter Jack CHILDERS, Respondent.**

**No. 0–90–0269.**

Court of Criminal Appeals of Oklahoma.

March 15, 1990.

## ORDER DECLINING JURISDICTION AND DENYING MOTION TO STAY PROCEEDINGS

The State of Oklahoma and Michael Parsons have filed a motion herein requesting this Court to stay the March 5, 1990 ruling of the District Court of Alfalfa County granting respondent's application for a writ of habeas corpus. We find the petitioners are without authority to appeal the ruling of the District Court.

The Oklahoma Constitution provides that the privilege of the writ of habeas corpus shall never be suspended by the authorities of this State. Okla. Const. art. II, § 10. As early as 1911, the Oklahoma Supreme Court interpreted this section of the Oklahoma Bill of Rights to compel the holding that an appeal does not lie from an order granting habeas corpus. *Wisener v. Burrell*, 28 Okl. 546, 118 P. 999 (1911). The *Wisener* Court explained:

> It is to be noted that the language of the Constitution is not merely that the writ of habeas corpus shall never be suspended, but it is the *privilege* of the writ which is never to be suspended. "Privilege," according to Webster (Webster's New International Dictionary), means "special enjoyment of a good, or exemption from an evil or burden," etc. "Suspended" is defined as "temporarily inactive or inoperative; held in abeyance".

*Id*, 28 Okl. at 550–1, 118 P. at 1001. The *Wisener* Court also cited with approval the reasoning of the Supreme Court of Utah in *In re Clasby*, 3 Utah 183, 1 P. 852 (1882) which explained:

> [I]f the discharge of the applicant upon a writ of habeas corpus, before a court or judge having jurisdiction, is an order or judgment from which an appeal can be taken to this court, necessarily attended with unavoidable delay, the value of this

great writ as a safeguard of personal liberty is at least greatly impaired, if it is not changed into a means of oppression.

28 Okl. at 550, 118 P. at 1001. The Oklahoma Courts have not wavered from this position. *See State v. Higgins*, 76 Okl.Cr. 321, 137 P.2d 273 (1943), *Ex parte Kincade*, 194 Okl. 356, 151 P.2d 796 (1944).

Our research indicates that our holding today is consistent with those jurisdictions which have addressed the issue. Where the legislature has granted the state the authority to appeal, an appeal will lie. *See e.g. Jordan v. Housewright*, 101 Nev. 146, 696 P.2d 998 (1985), *State ex. rel. McCaffrey v. Shanks*, 124 Wis.2d 216, 369 N.W.2d 743 (Wis.App.1985). Where the legislature has not granted such authority, the state may not appeal. *See e.g. Ex parte Noe*, 646 S.W.2d 230 (Tex.Cr.App. 1983), *Stokes v. Superintendent, Massachusetts Correctional Inst., Walpole*, 389 Mass. 883, 452 N.E.2d 1123 (1983), *Triplett v. Deputy Warden*, 142 Mich.App. 774, 371 N.W.2d 862 (1985).

We conclude, as did the *Higgins* and *Wisener* Courts, that had the legislature intended the state to have the power to appeal the granting of a writ of habeas corpus, some provision would have been made for such appeal. *See Higgins*, 76 Okl.Cr. at 339, 137 P.2d at 282; *Wisener*, 28 Okl. at 547, 118 P. at 1000. Having determined that the legislature has not granted this power to the state, we find that this motion must be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the state does not have the power to appeal the order of the district court granting habeas corpus and the state's motion filed herein seeking a stay of the district court's order as well as appellate review is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
VICE PRESIDING JUDGE

/s/ Tom Brett
TOM BRETT,
JUDGE

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
JUDGE
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
JUDGE