237 P.3d 779 (2010)
2010 OK 40
STATE of Oklahoma, Petitioner,
v.
Clyde POWELL, Respondent.
No. 106,175.
Supreme Court of Oklahoma.
May 11, 2010.
Gene Haynes, District Attorney, James W. Ely, Jr., Assistant District Attorney, Vinita, OK, Attorneys for Petitioner.
Cathy Stocker, District Attorney, John L. Scott, Assistant District Attorney, Enid, OK, Attorneys for Petitioner.
Winston H. Connor, II, Stockwell and Connor, Miami, OK, Attorney for Respondent.
*780 EDMONDSON, C.J.
¶ 1 This is an attempted appeal by the State of Oklahoma from the judgment of the District Court of Craig County allowing a writ of habeas corpus. In 1990, Mr. Powell was committed by the District Court of Garfield County to the hospital for psychiatric treatment after he was found not guilty by reason of insanity of the murder of his mother. The writ ordered the release of Clyde Powell from the Oklahoma Forensic Center, formerly Eastern State Hospital, based on evidence that Mr. Powell is now sane. Because there is no appeal from an order granting habeas corpus, we dismiss it.
¶ 2 Under the Constitution and statutes of Oklahoma, the Supreme Court, Court of Criminal Appeals, all other appellate courts and the District Courts have concurrent original jurisdiction to hear and determine habeas corpus. Art. 7, §§ 4, 7, Oklahoma Constitution; 20 O.S.2001, § 41; 12 O.S.2001, §§ 1333-1355. See also Rules 1.190-1.194 of the Oklahoma Supreme Court Rules, 12 O.S. Ch. 15, App. 1, "Original Jurisdiction Proceedings Before the Supreme Court."
¶ 3 The state's arguments to the contrary notwithstanding, there is no question that Mr. Powell had a right to bring this action in habeas corpus to seek his release from confinement. Title 12 O.S.2001, § 1331 provides that "Every person restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal." Additionally, as an individual found to be insane and dangerous to the public peace and safety and consequently committed to the custody of the Department of Mental Health and Substance Abuse Services under 22 O.S.2001, § 1161, Mr. Powell's constitutionally and statutorily assured right to pursue his discharge by habeas corpus is also recognized in Title 43A of the Oklahoma Statutes. Section 1-108 of Title 43A provides: "Anyone in custody as a person in need of treatment ... pursuant to the provisions of this title, is entitled to a writ of habeas corpus.... Upon the return of such writ, the fact of his mental illness shall be inquired into and determined."
¶ 4 It is well-settled in Oklahoma that the order of the district court in a habeas corpus proceeding is not subject to review on appeal. Since the beginning of the last century, this Court and the Court of Criminal Appeals have held that no appeal can be taken from a decision in habeas corpus discharging a petitioner restrained of his liberty. Wisener v. Burrell, 1911 OK 128, 28 Okla. 546, 118 P. 999; Parsons v. Childers, 1990 OK CR 16, 789 P.2d 243; Garrett v. Kerner, 1911 OK CR 253, 6 Okla.Crim. 47, 115 P. 1027; "The Oklahoma Courts have not wavered from this position." Parsons, 789 P.2d at 244. Nor do appeals lie from orders in habeas corpus remanding a party to custody. Ex parte Kincade, 1944 OK 245, 194 Okla. 356, 151 P.2d 796; Ex Parte Logan, 1912 OK 29, 33 Okla. 659, 126 P. 800; Ex parte Johnson, 1908 OK CR 35, 1 Okla.Crim. 407, 98 P. 461; State v. Higgins, 1943 OK CR 50, 76 Okla.Crim. 321, 137 P.2d 273.
¶ 5 In Wisener, this court dismissed the appeal brought by a county sheriff from an order of the district court in habeas corpus discharging a prisoner held in custody for extradition. The court recognized that statutory authority and court decisions varied among the states, but held appeals from a decision in habeas corpus discharging a person from restraint do not lie in Oklahoma. The Wisener court cited Judge Doyle's discussion in Ex parte Johnson explaining that habeas corpus decisions were held not reviewable under general laws for appeal from all final judgments and noting that Oklahoma has no specific statutory provision for appeals in this class of cases. Judge Doyle concluded that if the legislature had intended to provide for appeals in habeas corpus, an appropriate provision would have been made in our statutes: "Its omission affords the best evidence to the contrary, and, if anything is wanting to remove all doubt, it will be found in the nature and object of this great writ as a constitutional right; its purpose being to afford a speedy remedy to a party ... without obstructing or delaying public justice, both of which objects would be defeated by the delays consequent upon an appeal. Any other rule would operate practically *781 to subvert the constitutional safeguards and the fundamental rights of the citizen." Wisener, 118 P. at 1000.
¶ 6 Wisener also set forth with approval the following reasoning of the Supreme Court of Utah in In re Clasby, 3 Utah 183, 1 P. 852 (1882):
[I]f the discharge of the applicant upon a writ of habeas corpus, before a court or judge having jurisdiction, is an order or judgment from which a appeal can be taken to this court, necessarily attended with unavoidable delay, the value of the great writ as a safeguard of person liberty is, at least, greatly impaired, if it is not changed into a means of oppression.
¶ 7 The Wisener court emphasized that Article II, Section 10 of the Oklahoma Constitution provides that "the privilege of the writ of habeas corpus shall never be suspended by the authorities of this State," stating:
[O]ur Constitution on this subject is as broad as it may well be. Section 10 of article 2, commonly known as the "Bill of Rights," provides in broad and comprehensive terms that "the privilege of the writ of habeas corpus shall never be suspended by the authorities of this state." It is to be noted that the language of the Constitution is not merely that the writ of habeas corpus shall never be suspended, but it is the privilege of the writ which is never to be suspended. "Privilege," according to Webster (Webster's New International Dictionary), means "special enjoyment of a good, or exemption from an evil or burden," etc. "Suspended" is defined as "temporarily inactive or inoperative; held in abeyance."
Undoubtedly courts, sheriffs, and other public officers of the state are authorities thereof, and if a party invoking the privilege of this writ may be reincarcerated by a sheriff, or other officer, on the order of a court or judge of the state, pending an appeal, then unquestionably his privilege under the operation of the writ would not only be suspended, but virtually destroyed and denied. So jealous have the people been of an opportunity being afforded every citizen for a speedy determination of the righteousness of his incarceration, that they have placed the power to adjudicate that question in every court of record and judge thereof in the state. Id., at 1001.
¶ 8 In Ex parte Logan, 1912 OK 29, 126 P. 800, we recognized that an appeal from an order in habeas corpus remanding a petitioner is not of final and conclusive character and consequently is not reviewable under general law allowing appeals from judgments. See, e.g., Wisener, 118 P. 999, Jamison v. Gilbert, 1913 OK 541, 38 Okla. 751, 135 P. 342-343.[1] The denial of a petition for habeas corpus does not preclude a petitioner from filing another application for habeas corpus as the constitutional right of the writ is not exhausted by the first remanding order. Johnson, 98 P. 461, 462 (syllabus by the court). In Ex parte Kincade, 1944 OK 245, 194 Okla. 356, 151 P.2d 796, we dismissed petitioner's attempted appeal from the judgment of the district court of Craig County denying his application for a writ of habeas corpus for discharge from confinement at Eastern State Hospital and treated his filing as an original petition for writ of habeas corpus out of our Court.
¶ 9 The district court's order in habeas corpus releasing Mr. Powell is not capable of invoking our appellate cognizance and we dismiss this appeal for want of appellate jurisdiction. In view of our decision, we do not address the other questions raised by the state.
¶ 10 EDMONDSON, C.J., HARGRAVE, WATT, COLBERT, REIF, JJ., concur.
¶ 11 TAYLOR, V.C.J., OPALA, KAUGER, WINCHESTER, JJ., dissent.
*782 TAYLOR, V.C.J., with whom OPALA and WINCHESTER, JJ. join, dissenting.
I dissent. The issue of the release of this criminal defendant should be fully reviewed and determined by the original sentencing court in Garfield County pursuant to Title 22, Oklahoma Statutes, Section 1161. I would grant the relief requested by the State of Oklahoma.
OPALA, J., with whom TAYLOR, V.C.J., KAUGER and WINCHESTER, JJ., join, dissenting.
¶ 1 The court holds today that because an appeal does not lie from a writ of habeas corpus, the State's quest for review of a certified interlocutory order in a habeas corpus proceeding must be dismissed. I recede from the court's pronouncement. Wisener v. Burrell, 1911 OK 128, 28 Okla. 546, 118 P. 999,[1] the case relied on by the court, may no longer be treated as entitled to precedential force. It is in plain discord with today's statutory regime of appealable district court decisions.

I

THE COURT'S REVIVAL OF ITS 1911 EXCLUSION OF HABEAS CORPUS WRIT FROM APPELLATE REVIEW IS UNSUPPORTED BY ANY VIABLE NORM OF PRESENT-DAY LEGISLATION
¶ 2 The petition for the command of a writ of habeas corpus now initiates a civil case that does not differ in its legal characteristics under the current pleading code[2] from any other civil action.[3] The command, whether issued or denied by the court, is but a functional equivalent of any other civil judgment that disposes of a claim.[4] Whether the same *783 was true in 1911 need not be here inquired into. It is enough to observe that there is no dissimilarity today. What might have been true in 1911 is utterly immaterial. What matters now is that a suit for a writ is no different in its basic complexion from any other civil case.[5] Ascribing to it a categorical difference is patently incorrect. I hence conclude the writ's command is an appealable civil judgment. This court's pronouncement in Wisener v. Burrell does not need to be any longer accorded precedential value and continue to be treated as having stare decisis force. A claim's adjudication by judgment in a civil case that takes the form of a judicial command effected by the court's writ is no less appealable than a judgment by declaration of rights, although a civil judgment must continue to be distinguished from a judgment in a criminal prosecution.
¶ 3 Continued segregation of habeas corpus for inclusion in some separate category by judicial fiat that is contrary to post-1984 pleading code classification of actions would be tantamount to recalling from its 1984 grave the now repealed class of nonexistent special proceedings.

II

TODAY'S EXCLUSION OF HABEAS CORPUS WRITS FROM THE BROAD CATEGORY OF CIVIL JUDGMENTS AS A BASIS FOR DENIAL OF THE BENEFIT OF AN APPEAL OFFENDS THE PROCEDURAL SYMMETRY MANDATED BY ART. 5, § 46, OKL. CONST.[6]
¶ 4 The right of a litigant to appeal is purely statutory. Courts cannot fabricate exceptions in the absence of statutory language clearly excluding a category of litigation from the benefit of appeal. If the judiciary were allowed so to do it would enjoy the privilege of arbitrarily excluding from statutory categories those appeals which it would deem to be undesirable. There is no longer any constitutional or legislative warrant for singling out habeas corpus writs from (a) other writs as well as from (b) the broad category of civil judgments to make them unappealable.
¶ 5 Assuming that in Wisener v. Burrell the court intended to bar all corrective relief of habeas corpus writs (by appeals as well as by certiorari and by review through the exercise of this court's original jurisdiction), its pronouncement is unsupported by any presently effective norm of law. The habeas corpus writ's exclusion from the broad category of judgments, which are appealable, would clearly violate the procedural uniformity mandate of Art. 5, § 46, Okl. Const.[7] Our *784 own jurisprudence, no less than the Legislature's enactments, must faithfully conform to the fundamental law's prohibition against nonuniform (asymmetrical) laws on prohibited subjects.[8]
¶ 6 In sum, there is neither statutory nor jurisprudential authority for the post-1984 bar of habeas corpus writs from any form of appellate review. This court's pronouncement is pure and simple ipse dixit. It cannot stand. Like other writs, the habeas corpus writ is a judgment that must be deemed included within the category of appealable dispositions by the district court. No forensic decision may, by mere judicial fiat, become immune to corrective relief of an appellate tribunal.
¶ 7 I would grant certiorari to review the certified interlocutory order.
NOTES
[1] These considerations do not apply to a habeas corpus controversy concerning the custody of a child. There the real issue is recognized as one between private parties who are in a contest of private rights which does not involve any question of personal liberty, so that matters in issue raised on the same facts which were determined in a prior proceeding should be seen as settled and final and a bar to a subsequent proceeding on the same facts. Such an order is binding and conclusive, a final order under the general law concerning appeals from final judgments. Jamison v. Gilbert, 1913 OK 541, 38 Okla. 751, 135 P. 342, 342-343; Hedtke v. Kukuk, 1923 OK 873, 93 Okla. 264, 220 P. 615.
[1] Wisener v. Burrell, 1911 OK 128, 28 Okla. 546, 118 P. 999, teaches that no appeal lies from the issuance or denial of a writ of habeas corpus. For early pre-1984 cases relying on Wisener, see, e.g., Ex parte Logan, 1912 OK 29, 33 Okla. 659, 126 P. 800 (denial of an appeal from an order in habeas corpus by one held pending extradition for a criminal prosecution); Ex parte Kincade, 1944 OK 245, 151 P.2d 796, 194 Okl. 356 (denial of an application for a writ of habeas corpus to secure release from a state hospital for the insane).
[2] The Code of Civil Procedure (based on the Field Code's fact-pleading regime) governed Oklahoma civil pleading before its repeal in 1984. The present Oklahoma Pleading Code, 12 O.S.2001 § 2001 et seq., enacted in 1984, is patterned on the notice-pleading regime of the Federal Rules of Civil Procedure. "The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure...." 12 O.S.2001 § 2001.
[3] All forms of actions at common law stand abolished since statehood. St. 1893 § 3882; R.L. 1910 § 4650; 12 O.S.1981 § 10 (Code of Civil Procedure); 12 O.S.2001 § 2002 (1984 Pleading Code). "The provision for only one form of action ... has been characterized as the most fundamental rule of notice pleading." Committee comment to 12 O.S.2001 § 2002.

The pre-1984 Code of Civil Procedure, 12 O.S. 1981 § 3, recognized special proceedings as a class separate from actions. The provisions of 12 O.S.1981 § 4 defined an "action." A "special proceeding" was defined as "every other remedy." Two kinds of actions were recognized by the pre-1984 Codecivil and criminal. 12 O.S. 1981 § 6. See, e.g., State v. Scarth, 1931 OK 561, ¶ 10, 3 P.2d 446, 151 Okla. 178; El Reno Wholesale Grocery Co. v. Taylor, County Treasurer, 1922 OK 107, 209 P. 749, 753, 87 Okla. 140 (overruled on other grounds). Habeas corpus was a special proceeding when Wisener v. Burrell, supra note 1, was pronounced.
The 1984 statutory conversion from fact to notice pleadings necessitated a fundamental change in the pattern of constituent ingredients for a more simplified procedural regime of civil litigation. Elimination of "special proceedings" was part and parcel of that comprehensive legislative reform of the law that now governs pleadings in civil cases.
The 1984 Pleading Code abolished the dichotomy of civil actions and special proceedings in the previous Code of Civil Procedure, 12 O.S.1981 §§ 3-6. The law of Oklahoma now recognizes but two forensic causes (court cases): a civil (12 O.S.2001 § 2002) and a criminal (22 O.S.2001 § 10) action. The Legislature states in 12 O.S. 2001 § 2002 "[t]here shall be one form of action to be known as a `civil action.'" See committee comment to § 2002.
[4] By statutory definition a "judgment is the final determination of the rights of the parties in an action" 12 O.S.2001 § 681. When the Legislature changed the system in the 1984 Code from fact to notice pleading, it did not alter the pre-existing legal definition of a judgment.

A petition for a writ initiates suits in the same manner that a petition commences a lawsuit which ends in a judgment. A writ is a judgment because it resolves all issues in the case and puts an end to litigation. In Chandler U.S.A., Inc. v. Tyree, 2004 OK 16, ¶ 31, 87 P.3d 598, the court declared that "issues in a mandamus proceeding are tried as in a civil action." Even before the enactment of the current pleading code, a writ of mandamus was deemed to stand on equal footing with a judgment in an ordinary action at law, subject to review in the appellate court under similar terms. In re Epley, 1901 OK 15, 64 P. 18, syl. 6, 10 Okla. 631. An appeal may be brought from the issuance or denial of a writ of prohibition. Umholtz v. City of Tulsa, 1977 OK 98, 565 P.2d 15. Habeas corpus is deemed to be a civil claim. Dancy v. Owens, 1927 OK 203, 126 Okla. 37, 258 P. 879, 884. It tests the legality of a person's confinement. Brooks v. Baltz, 2000 OK 73, ¶ 2, 12 P.3d 467 (confinement in jail); Application of Caldwell, 1974 OK 93, ¶ 11, 525 P.2d 641, 642-643 (detention of minor child by custodial parent); Ex parte Kincade, 1944 OK 245, 194 Okla. 356, 151 P.2d 796, 194 Okla. 356 (confinement in a state hospital for the insane). Much like other available writs, that for habeas corpus is a judgment which must be included within the category of appealable dispositions of the district court. 12 O.S.2001 § 952.
[5] It suffices to say that Wisener v. Burrell, supra note 1, was handed down when the statutory regime of district court procedure for civil matters was vastly different.
[6] The pertinent terms of Art. 5, § 46, Okl. Const., are:

"The legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
* * *
Regulating the practice or jurisdiction of ... in judicial proceedings or inquiry before the courts ... or other tribunals....."
[7] Reynolds v. Porter, 1988 OK 88, 760 P.2d 816, 822; Maule v. Independent School Dist. No. 9, 1985 OK 110, ¶ 12, 714 P.2d 198, 203 n. 30; Great Plains Federal S & L Assn. v. Dabney, 1993 OK 4, ¶ 2, 846 P.2d 1088, 1095-96 (Opala, J., concurring).
[8] Johnson v. Tony's Town Mister Quik, 1996 OK 138, ¶ 5, n. 10, 915 P.2d 355, 357-58; Haynes v. Tulsa Public Schools Transit, 1994 OK 86, ¶ 5, 879 P.2d 128, 131 (Opala, J., concurring).