Nov. Term, 1850.

COMPTON
v.
NUTTLE.

*J. Morrison* and *S. A. Major*, for the defendant.

---

COMPTON *v.* NUTTLE.

The complainant filed his bill praying a specific performance of the contract entered into between him and the defendant, by which the latter bound himself to execute to the former a deed for certain land at a certain time, provided he obtained a title thereto himself, or give the complainant a title-bond. The Court decreed that the defendant execute and deliver a good and sufficient deed to the complainant, within sixty days, &c. *Held*, that the decree was erroneous as the bill expressly alleged that the defendant had not the legal title to the land he contracted to sell.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed in *September*, 1844, by *Nuttle* against *Compton*. The following are the material facts stated in the bill:

In *October* or *November*, 1842, the parties entered into a contract for the sale, by the defendant to the complainant, of a certain piece of land, (which the bill describes by metes and bounds,) containing six and a half acres, more or less. This piece of land was part of a certain half quarter section, which half quarter section, at the time of the contract, was held by the defendant by virtue of a certificate from the state of *Indiana*, only one-fourth of the purchase-money having been paid. By the terms of the certificate, the defendant was to have a deed from the state for said half quarter section at any time in 1845, on his payment of the residue of the purchase-money. The price to be given by the complainant for said six and a half acres was eleven head of hogs (which were delivered to the defendant at the time of the contract,) and two bee-stands. The bee-stands were to be delivered in the spring of 1843; and, upon their delivery at that time, the defendant, if he should have then obtained a title to said half quarter section, was to convey the piece of six acres and a half to the complainant, or if said title should not then have been obtained, the defendant was to make the complainant " a title-bond for said six and a half acres above described." In the spring of 1843, the complainant delivered the bee-stands to the defendant, and, at the defendant's request, took possession of the six and a half acres of land. The defendant, however, failed to obtain a title from the state for said half quarter section, and refused to execute the title-bond.

The bill prays for a decree for a specific performance of the contract, and for general relief.

The defendant answered the bill, and various depositions were taken by the parties.

The Court decreed that the defendant should, within sixty days, execute and deliver to the complainant a good

Nov. Term,
1850.

COMPTON
v.
NUTTLE.

Tuesday,
January 7,
1851.

Nov. Term, 1850.

and sufficient deed in fee-simple for the piece of land described in the bill by metes and bounds.

We think this decree is erroneous. The defendant had not, as the bill expressly alleges, the legal title to the piece of ground he contracted to sell, and, of course, he could not be required to make such title to the complainant.

The bill, in our opinion, shows no good cause for a decree for a specific performance of the contract.

*Per Curiam.* — The decree is reversed with costs. Cause remanded. Costs here.

*H. Cooper*, for the plaintiff.