## Ex parte DEICKMAN.

No. 4210.   Opinion Filed November 7, 1912.

(127 Pac. 1077.)

1.  **QUIETING TITLE—Habeas Corpus—Equitable Relief—Decree—Contempt.** P. brought an action in the district court against D. and others to clear the title to certain land. Said court, having acquired jurisdiction of D. and of the subject-matter, ordered that said title be cleared, and that D. procure conveyance in favor of P. from L., a nonresident of the state, who was not a party to said proceedings. **Held,** that so much of said order as required D. to procure the conveyance from L. was in excess of its power.

     (a)   Said court having adjudged D. to be in contempt for failure to comply with said command, and that he be imprisoned therefor, this court, upon a writ of habeas corpus, directs that he be discharged.

2.  **COURTS—Supreme Court—Original Jurisdiction—Habeas Corpus.** This court has original jurisdiction in all matters of habeas corpus.

     (Syllabus by the Court.)

Habeas corpus on petition of Carl Deickman. Writ allowed, and petitioner discharged.

*Watts & Watts* and *Kistler, McAdams & Haskell,* for petitioner.

*Blair & Brown,* opposed.

WILLIAMS, J. It is essential to pass upon the following questions: (1) Was the decree of the district court, commanding petitioner to procure a deed from a third person, not a party to the proceeding, and deliver same to plaintiff, in excess of the power of said court, although it had jurisdiction of both the person and the subject-matter of the action? (2) Has this court jurisdiction of this proceeding?

It was formerly the practice of the English Courts of Chancery to grant decrees for the specific performance of contracts for the conveyance of land, entered into by husbands without the concurrence of their wives, and to imprison such husbands, as for contempt, as a means of coercing the wives into releasing their dower interest. This practice, however, long ago met with the disapproval of the English Chancellors. *Emery v. Wase,* 8 Ves. 505. This rule seems, however, not to have taken root in the American states. Story's Equity Jurisprudence, sec. 732; 2 Pomeroy's Equitable Remedies, sec. 756 (6 Pom. Eq. Jur. [3d Ed.] sec. 756); *Edrington v. Harper,* 3 J. J. Marsh. (Ky.) 353, 20 Am. Dec. 145; *Clark v. Seirer,* 7 Watts (Pa.) 107, 32 Am. Dec. 745; *Fisher v. Worrall,* 5 Watts & S. (Pa.) 478; *Weed et al. v. Terry,* 2 Doug. (Mich.) 344, 45 Am. Dec. 257; *Compton v. Nuttle,* 2 Ind. 416; *Barbour v. Hickey,* 2 App. D. C. 207, 210, 24 L. R. A. 763.

The exercise of this jurisdiction by the English Chancellors in this class of cases was upon the conclusive presumption that the husband had procured the wife's consent before making the contract. No such presumption could exist in cases where there is no contract sought to be enforced, as in the case at bar. Whatever title Lakin had was sought to be taken away from him by means of this order, without his first having been made a party to the proceeding in the district court. The trial court having jurisdiction of the person of the relator and the subject-matter, is the judgment requiring the relator to procure a conveyance from said Lakin, divesting such title as he may have from himself and revesting same in Sam Pea, in excess of the power of said court?

Chief Justice Waite, in delivering the opinion of the court in (*Ex parte Rowland,* 104 U. S. 604, 26 L. Ed. 861), said:

"The single question we have to consider on this application is whether the order of the circuit court, made on the 21st of November, is sufficient authority to the marshal for the detention of the persons he holds under it; and that question, as is conceded on both sides, depends entirely on the power of that court to require the court of county commissioners to do what its members have been held in contempt for not doing. If the command of the peremptory writ of mandamus was in all respects such as the circuit court had jurisdiction to make, the proceedings for the contempt are not reviewable here. But if the command was, in whole or in part, beyond the power of the court, the writ, or so much as was in excess of jurisdiction, was void, and the court had no right, in law, to punish for any contempt of its unauthorized requirements. * * * As a necessary consequence the writ must issue directly against him whose duty it is to do the thing which the parties seek to have done; for, as was said in *Reg. v. Mayor of Derby* (2 Salk. 436), 'it is absurd that the writ should be directed to one person to command another.' The question here is whether it was the duty of the tax collector, under the law, to collect the special tax which the commissioners had levied. That question the creditor could have had determined in a direct proceeding against the collector, without the help of the commissioners. It follows that if the command of the writ against the commissioners was what the circuit court has construed it to be it was in excess of the jurisdiction of the court, and consequently void. If the command of the writ was in excess of. jurisdiction, so necessarily were the proceedings for contempt in not obeying. We are led, therefore, to the conclusion that the order of the court, under which the marshal holds the petitioners in custody, was a nullity, and that a writ of *habeas corpus* should issue as prayed for, unless the parties are willing that an order of discharge shall be entered without further proceedings."

See, also, *United States v. Walker,* 109 U. S. 258, 3 Sup. Ct. 277, 27 L. Ed. 927; *Ex parte Fisk,* 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; *Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39; *McHenry et al. v. State,* 91 Miss. 562, 44 South. 831, 16 L. R. A. (N. S.) 1063.

This being an original proceeding in *habeas corpus,* it is not essential to determine whether this contempt be a civil or crim-

inal proceeding, as in any event the court would have juris-
diction under writ of *habeas corpus*. *Ex parte Anderson, ante,*
124 Pac. 980.

HAYES, KANE, and DUNN, JJ., concur; TURNER, C.
J., absent, and not participating.