### Ex parte TENNYSON.

No. 28584.    Nov. 22, 1938.

Walter Mathews, for petitioner.

S. J. Berton, for respondent L. L. Fisher.

GIBSON, J. The petitioner, by original proceedings, seeks a writ of habeas corpus. He charges that he is illegally confined in the county jail of Payne county under a void order of the district court adjudging him in indirect contempt.

The order of commitment grew out of an action in the aforesaid court wherein the State Board of Barber Examiners sought to enjoin petitioner from violating a purported order of said board establishing minimum prices for barber work in the city of Cushing (art. 2, ch. 24, S. L. 1936-1937). In that case petitioner was cited for violating a temporary restraining order enjoining him from charging "less than the minimum fees fixed by the Cushing Fair Trade Barbers Association * * * until further order of this court," and his commitment for contempt resulted.

Petitioner attacks the constitutionality of the Barber Law, alleging that by reason of

its invalidity in this respect the judgment of conviction for contempt was void. But the questions here raised have heretofore been decided adversely to petitioner's contentions. Herrin v. Arnold, 183 Okla. 392, 82 P.2d 977.

However, there exists a good and sufficient reason why the writ should issue in this case, and the petitioner be discharged from the custody of the sheriff of Payne county. The record shows that the judgment for contempt is premised upon a void order, an order disclosing upon its face want of power in the court to make. We note that it purports to restrain the present petitioner "from charging less than the minimum fees fixed by the Cushing Fair Trade Barbers Association." The statute in question does not authorize the courts to enforce upon barbers the fees fixed by any association or organization of individuals. The courts may hear and determine injunction suits at the petition of the Board of Barber Examiners with respect to the board's own orders relating to minimum fees (sec. 8), but not as to agreements or recommendations of some unofficial group or association. See Herrin v. Arnold, supra. The petitioner was under no legal obligation to observe the prices fixed by the Cushing Fair Trade Barbers Association, and the court was without power to enforce such observance. One imprisoned for contempt in failing to obey a void order is entitled to release on habeas corpus. Ex parte Deickman, 33 Okla. 749, 127 P. 1077.

It is ordered that the petitioner be immediately released from the custody of the sheriff of Payne county.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur.