### Ex parte YAHOLA.

No. 28856.   Nov. 29, 1938.

Rehearing Denied April 11, 1939.

Application for Leave to File Second Petition for Rehearing Denied May 2, 1939.

Linebaugh & Davis, for petitioner.

Merrick A. Whipple and J. Harry Swan, for respondent.

PHELPS, J.   In Ex parte Yahola, 180 Okla. 637, 71 P.2d 968, which was a habeas corpus action by the father of a child against its maternal grandparents, we modified and affirmed the judgment of the trial court, denying to the father the exclusive custody of the child, in view of the circumstances of the case as related in said opinion.   We further affirmed that portion of the judgment ordering the father to pay $20 per month toward the support of the child, stating that both by common law and statute the father is charged with the support of his legitimate unmarried minor child, and that:

"A habeas corpus proceeding involving the custody of an infant is not strictly a writ of liberty, but is in its nature an equitable proceeding for determining the care and custody of said infant, and a court having jurisdiction of the parties and the subject-matter not only may determine the right to the custody, but may also adjudge financial responsibility upon the father for the support of the child."

Thereafter the maternal grandmother. defendant in that case, employed certain attorneys who filed a petition in the trial court, in the same case, the general object and purpose of which was to obtain a larger amount of support money for the child.   Apparently the father made no substantial resistance to this phase of the matter, the support money having been raised to $30 per month and said father having signed an agreement in open court authorizing the Secretary of the Interior to set aside. from monies and securities belonging to him and being held for his benefit under acts of Congress relating to the Five Civilized Tribes, the sum of $20,000 ·as a trust fund for the support, maintenance, and education of the child, who is to receive the income therefrom. and the corpus thereof upon her reaching the age of majority, and containing certain other provisions.

But the trial court also ordered that the father should pay attorney's fees to certain attorneys employed by the defendant maternal grandmother, which is the beginning of the present litigation.   Altogether, $1,100 in attorney's fees were awarded by the trial judge, $500 total to two attorneys and $300 each to two other attorneys. The record does not reveal whether he paid the $500; he refused or failed to pay the $300 each to the two last-mentioned attorneys, totaling $600, whereupon he was cited for

contempt. Upon hearing, the trial judge committed him to jail in contempt for refusal to obey the order.

The father, who will now be called petitioner, then filed this original action in this court, against the sheriff, praying that he be released on writ of habeas corpus. This court assumed jurisdiction and the question is whether the petitioner shall be released.

We recognize that the services of the attorneys, either directly or indirectly, have resulted in great benefit to the minor child of petitioner. Nevertheless, the fact remains that said services were performed in a habeas corpus action, wherein the attorneys were engaged solely by and at the instance of the defendant maternal grandmother of the child. Nothing in our opinion in the Yahola Case, supra, can be construed as authorizing the allowance of an attorney's fee to the prevailing party in a habeas corpus action. It involved only incidental support money for the child, predicated upon the common-law and statutory duty of the father to support the child, regardless of the form of action or the pendency of any action at all. But the allowance of attorney's fees to the successful party in a habeas corpus action, even if the subject of the action be the custody of a minor child, is an entirely different matter. No authority has been cited holding that attorney's fees may be assessed in such a case.

Attorney's fees are not recoverable at common law. It is well settled that they are not recoverable at all unless authorized by statute or the prior agreement of the parties, as, for instance, in a contract which is being sued upon. Attorney's fees are authorized by statute in some classes of cases, such as the foreclosure of certain liens, divorce, and other instances not necessary to mention; but unless the parties have agreed to an attorney's fee in advance, or unless such fee is authorized by statute, the court has no authority to award recovery thereof to the prevailing party or his attorney. And we have no statute authorizing the recovery of attorney's fees in habeas corpus actions.

The order requiring the petitioner to pay attorney's fees was therefore not mere error, but was in excess of the power and jurisdiction of the court, and was therefore void. Whitehead v. Bunch et al., 134 Okla. 63, 272 P. 878. In that decision we said that in addition to the jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction over the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant, and that where the court exceeds its jurisdiction, and renders a particular judgment which it is wholly unauthorized to render under any circumstances, such judgment is absolutely void and is subject to collateral attack.

We therefore conclude that the trial judge had no power or authority to enter an order requiring petitioner to pay his opponent's counsel fees in the prior habeas corpus action; that such was in excess of the jurisdiction of the court, and that the making of such order was not mere error alone, but that, in addition, the order was void.

One imprisoned for contempt in failing to obey a void order of court is entitled to release on habeas corpus. Ex parte Deickman, 33 Okla. 749, 127 P. 1077; Ex parte Chase, 141 Okla. 75. 284 P. 294.

Accordingly, the respondent is directed to release the petitioner.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, and DAVISON, JJ., concur. HURST, J., dissents.