## Ex parte THOMPSON.

No. A-11623.   Sept. 19, 1951.

(235 P. 2d 955.)

C. W. Schwoerke, Oklahoma City, for petitioner.

Granville Scanland, Co. Atty., Oklahoma County, and Looney, Watts, Ross, Looney, & Smith, Oklahoma City, for respondent.

JONES, J.   This is an original action in habeas corpus brought by the petitioner, James A. Thompson, wherein he alleges that he is illegally restrained of his liberty in the county jail of Oklahoma county.

In the verified petition it is alleged that the cause of the restraint of the petitioner is by reason of a commitment issued by the district court of Oklahoma county, Honorable Clarence S. Mills, Judge, in case No. 125613, wherein the Mistletoe Express Company, a corporation, was plaintiff and the petitioner was one of the defendants; that the petitioner in said case and all other officers and members of Oklahoma City Mailers' Union No. 30 were permanently restrained and enjoined from picketing plaintiff's place of business in Oklahoma City, a more particular description of which is included in the order for permanent injunction attached to the petition. The petitioner further alleges that he was committed to jail for alleged contempt of court by reason of his willful violation of the injunction granted to the Mistletoe Express Company in said cause. The petitioner further alleges that the permanent injunction issued by the district court was illegal and unauthorized and wholly outside of the jurisdiction of the district court of Oklahoma county, and that his commitment for alleged violation of said injunction was void and a denial of petitioner's rights.

A response to the rule to show cause was filed, wherein the sheriff of Oklahoma county stated that on August 1, 1951, Honorable Clarence Mills entered an order for commitment of petitioner in case No. 125613 after a full hearing in which petitioner was found guilty of contempt of that court. In the order for commitment attached to the response it recites among other things that the petitioner, James A. Thompson, personally picketed the Mistletoe Express Company and wilfully and deliberately violated the terms of an injunction order of the district court of Oklahoma county dated July 18, 1951. And in the order of the court finding the petitioner guilty of contempt he was fined the sum of one hundred dollars and was directed to be committed to the county jail of Oklahoma county until said fine was paid, but under no condition was he to be confined for a period exceeding thirty days. Also attached to the response was the entire judgment roll in case No. 125613, consisting of the pleadings and the order of injunction which was issued by the district court on July 18, 1951. The respondent further alleged that the permanent injunction issued by the district court of Oklahoma county was within the jurisdiction of that court, and that the commitment by the Honorable Clarence Mills, District Judge, for contempt of that court was entered after a hearing had been accorded the petitioner and was a legal and valid exercise of judicial power of that court; that no appeal was taken from the action of the court granting a permanent injunction and that at the time of the commitment for contempt said judgment had become final.

At the hearing before this court counsel for petitioner introduced a transcript of the evidence taken before the district court of Oklahoma county in the hearing before that court in the application for an injunction.

It is well settled that habeas corpus will not lie to correct purely procedural errors, and is not designed to interrupt orderly administration of laws by a competent court acting within limits of its jurisdiction. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139.

This court has many times held that in habeas corpus we will not look beyond the sentence of any court of competent jurisdiction as to errors of law on questions over which the court had jurisdiction, and that such writ of habeas corpus cannot be used to take the place of an appeal, but will be limited to cases where the order of commitment is void. In re Wright, 75 Okla. Cr. 400, 132 P. 2d 351; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte Small, 92 Okla. Cr. 101, 221 P. 2d 669; Ex parte Williams, 90 Okla. Cr. 150, 211 P. 2d 542; Ex parte O'Hara, 89 Okla. Cr. 250, 206 P. 2d 592.

In Ex parte O'Hara, supra, it was held:

"Inquiry in habeas corpus is limited to the questions, did the trial court have jurisdiction of the subject matter, of the petitioner's person and authority under the law to pronounce the judgment and sentence rendered?"

The basis for petitioner's contention that he is entitled to be discharged from imprisonment is his allegation that the Mistletoe Express Company is a wholly owned subsidiary of the Oklahoma Publishing Company, and that petitioner and others have a valid labor dispute with the Oklahoma Publishing Company and under the law have a right to picket the premises of the Oklahoma Publishing Company; that the driveway involved in the picketing dispute was owned by the Oklahoma Publishing Company but was leased to the Mistletoe Express Company as a subterfuge in order to try to prevent the driveway from being picketed; that the employees of the publishing company were using the driveway to enter the building of the publishing company because the front of the building was being lawfully picketed; and that the order of the court granting a permanent injunction to the Mistletoe Express Company preventing picketing of the driveway was not justified by the facts in evidence before the district court.

This court has many times held that it will not review the evidence for the purpose of determining the sufficiency to sustain a judgment and sentence but will confine its examination on habeas corpus to an inquiry as to whether the court issuing the commitment had jurisdiction of the person, of the subject matter, and whether the judgment and sentence was within the jurisdiction of the court. Ex parte Moore, 88 Okla. Cr. 105, 200 P. 2d 454; Ex parte Pearson, 87 Okla. Cr. 364, 198 P. 2d 226. In nearly all of the habeas corpus cases considered by this court the commitments arose in criminal cases. However the rules hereinabove stated apply with the same force to orders committing an individual to jail for contempt of court issued in civil cases as to the judgments and sentences entered in criminal cases. That is, that this court in habeas corpus will only examine the judgment roll to determine whether the order which was issued was within the jurisdiction of the court, and will not review the record and examine the facts to see whether the facts in evidence before the court were sufficient to sustain the order which was made. The remedy for a person allegedly injured under such a state of the record is by an appeal to the proper appellate court, who will examine the facts and determine whether an error of law was made in the entry of the judgment.

A case almost exactly in point with the instant case and which established the rules of law which control in the disposition of this case was recently decided by the Criminal Court of Appeals. Brown v. State, 89 Okla. Cr. 443, 209 P. 2d 715, 716. Roy Brown was convicted of contempt for violation of an injunction in the district court of McCurtain county and sentenced to one year in the state penitentiary. The rules of law as laid down by this court are reflected in the first two syllabi which read:

"Disobedience of an order made by a court within its jurisdiction and power is a contempt, although the order may be clearly erroneous, or was improvidently granted or irregularly obtained.

"An order, judgment, or decree of a court having jurisdiction of the parties and the subject matter cannot be collaterally attacked in the contempt proceedings, but must be modified or vacated if erroneous, by a direct proceeding."

A distinction is to be noted between a judgment which is erroneously entered as a matter of law by a court acting within the limits of its jurisdiction and a judgment entered by a court in excess of its jurisdiction. The first may only be corrected or vacated in the proper manner by appeal where the appellate court has the entire record before them for consideration. The second being

void on its face may be attacked by appeal or by habeas corpus by one who may be illegally restrained of his liberty by reason of the void judgment. If the contention of petitioner is correct the permanent injunction issued by the district court falls into the first category but under no theory would it fall into the second category and be subject to collateral attack in a habeas corpus action.

This court finds that in this habeas corpus action the petitioner, James A. Thompson, is attempting to make a collateral attack upon the injunction order issued by the district court of Oklahoma county, which was entered by such district court in a case pending before that court wherein the court had jurisdiction of the parties and of the subject matter and jurisdiction to render the particular judgment which was rendered. Such collateral attack upon the judgment cannot be entertained in this action, as such injunction order if it is to be set aside must be done in the proper manner by an appeal.

The writ of habeas corpus is denied.

BRETT, P. J., and POWELL, J., concur.