Dewey BRUCE and Dessie Bruce, Applicants, v.

Bruno MILLER, Judge of the County Court of Oklahoma County, Respondent.

No. 39164.

Supreme Court of Oklahoma.

Dec. 27, 1960.

Rehearing Denied March 21, 1961.

Stagner, Alpern, Powers & Tapp, Oklahoma City, for applicants.

Suits & Weiss, Oklahoma City, for respondent.

JACKSON, Justice.

This is an application by Dewey Bruce and Dessie Bruce, adoptive parents of Larry Gene Shaw, for a writ prohibiting the Honorable Bruno Miller, Judge of the County Court of Oklahoma County, Oklahoma, from hearing or considering a motion to vacate an adoption decree entered in said court and from all other proceedings in said cause, being No. 24530. The motion to

vacate the adoption decree was filed by Harlan G. Shaw, natural father of said child, upon grounds which allegedly render said decree absolutely void.

In support of the application, applicants contend that the said adoption decree has heretofore been adjudicated as valid by the District Court of Oklahoma County, in an action between the same parties, which judgment was unappealed from and is final and binding upon the parties and is res judicata, and that a County Court, after entering an adoption decree, has no further jurisdiction in the cause.

The principal contentions of respondent, in opposition to the issuance of a writ, are that the adoption decree is absolutely void, therefore the District Court of Oklahoma County had no power to adjudge it valid, and that the doctrine of res judicata is not applicable to a void, as distinguished from a merely voidable, or erroneous judgment.

We consider the decisive question to be, assuming but not deciding that the adoption decree is absolutely void, whether the judgment of the District Court of Oklahoma County holding said decree valid, which judgment was unappealed from, is final and binding upon Harlan G. Shaw on said issue.

The facts essential to a determination of this question are summarized, as follows:

On December 8, 1945, Vera Shaw was granted a divorce from Harlan G. Shaw in the District Court of Oklahoma County, Oklahoma, upon grounds of extreme cruelty and infidelity. Vera Shaw was granted the exclusive care, custody and control of the minor child of the parties, Larry Gene Shaw, subject to reasonable visitation rights of Harlan G. Shaw. Harlan G. Shaw was ordered to pay $25 a month as and for child support.

On June 23, 1947, the County Court of Oklahoma County, Oklahoma, entered its adoption decree, by which Larry Gene Shaw was adopted by Dewey Bruce and Dessie Bruce, husband and wife, applicants herein. In said proceedings, Vera Shaw appeared and signed the petition and her consent to the adoption in the presence of the court. Harlan G. Shaw did not appear and service was obtained, or sought to be obtained, upon him by publication, which service the court approved and adjudged sufficient to confer jurisdiction to enter the adoption decree. The court further found that Harlan G. Shaw had not communicated with or furnished financial assistance to his former wife for the care and support of said child for more than eighteen months; that he had remarried and was a non-resident of the State of Oklahoma.

On September 5, 1953, Harlan G. Shaw filed a habeas corpus proceeding in the District Court of Oklahoma County, Oklahoma, in Cause No. 131,522 against Dewey Bruce and Dessie Bruce, applicants herein, seeking to obtain the custody of Larry Gene Shaw. The validity of the adoption decree was attacked in said petition and defended in the response thereto and was one of the principal issues in the cause. On December 1, 1953, the District Court entered judgment in said cause, decreeing and adjudging that said adoption decree was valid and denying the writ of habeas corpus. On December 3, 1953, Harlan G. Shaw filed a motion for new trial in said cause.

Thereafter, on August 25, 1955, and without any action being taken on the motion for new trial, the said Harlan G. Shaw filed another habeas corpus proceeding in the District Court of Oklahoma County, Oklahoma, in Cause No. 136,762, and again attacked the validity of the adoption decree. A plea of res judicata was interposed by Dewey Bruce and Dessie Bruce, applicants herein, and on September 2, 1955, the District Court entered judgment in part, as follows:

"It is therefore ordered, adjudged and decreed that by virtue of Cause No. 131,522 being final the plea of res judicata in this cause (No. 136,762) be and the same is hereby sustained and said cause is dismissed at the cost of the applicant."

No appeal was taken from the judgment entered in Cause No. 136,762.

Thereafter, in 1958, Harlan G. Shaw caused his motion for new trial in Cause No. 131,522 to be called up for hearing, and on November 24, 1958, the trial court found that said motion for new trial had been abandoned by Harlan G. Shaw when he filed his petition for identical relief in Cause No. 136,762, and dismissed said motion.

Upon appeal, we affirmed said order of the trial court by memorandum decision in Cause No. 38542 of this court.

On April 5, 1960, the said Harlan G. Shaw filed in Cause No. 24530 in the County Court of Oklahoma County, a motion to vacate the aforementioned adoption decree, resulting in this application by Dewey Bruce and Dessie Bruce for a writ of prohibition.

We have held that a District Court has jurisdiction of an action to vacate an adoption decree of a County Court on the ground that same is void, as distinguished from voidable or merely erroneous.

In Laffoon v. Hayden, Okl., 337 P.2d 736, 740, the natural parents of an adopted child brought an action in district court to set aside and vacate an adoption decree on grounds that their consent to the adoption was obtained through duress and fraud. In reversing the action of the district court sustaining a plea to the jurisdiction over the subject matter, we said:

"We are satisfied that the natural parents of these children were entitled to seek relief in the district court in this timely action, which is an action to revoke, vacate and set aside this adoption and the adoption order on account of the fraud alleged in plaintiff's petition, coupled with an action in the nature of habeas corpus."

See also Phelps v. Young, 149 Okl. 120, 299 P. 461; 2 A.L.R.2d page 890, to the same effect.

■ We are therefore of the opinion that the District Court of Oklahoma County, in the habeas corpus actions brought by Harlan G. Shaw attacking the validity of the adoption decree, had jurisdiction of the parties and the subject matter, and had the judicial power to adjudicate the validity of said decree.

■ We agree with respondent's contention that a void judgment cannot constitute res judicata. But the judgment which is interposed by applicants as a bar to further proceedings in the County Court is not the adoption decree, but the judgment of the District Court of Oklahoma County adjudging that said decree is valid.

Conceding also the correctness of respondent's contention that under provisions of 12 O.S.1951 § 1038, a void judgment may be vacated at any time, the precise question is whether additional or repeated attacks can be made on a judgment allegedly void, after it has once been adjudged valid by a court having jurisdiction to adjudicate its validity, in similar actions involving the same parties?

Respondent cites the cases of Hinkle v. Jones, 180 Okl. 17, 66 P.2d 1073, and Southwestern Surety Ins. Co. v. Farriss, 118 Okl. 188, 247 P. 392, as providing an affirmative answer to that question. We have carefully examined those cases and find them inapplicable, for the reason that the successive motions to vacate in those cases were filed in the same court in which the judgment was rendered. Therein we held that denial of previous motions to vacate a void judgment could not validate the judgment or constitute res judicata, for the reason that the lack of judicial power inheres in every stage of the proceedings in which the judgment was rendered.

■ At this point we turn attention to the doctrines of res judicata and estoppel by judgment. In McKee v. Producers' & Refiners' Corporation, 170 Okl. 559, 41 P.2d 466, 469, we said:

"Where the cause of action in the second suit is the same as that in the first suit, a final judgment in the first suit upon the merits is a complete bar to the maintenance of the second, and if the petitions are substantially identical the matter is res adjudicata; it is a complete bar. On the other hand,

where the causes of action involved in the two suits are different, the use of the doctrine is limited to those issues common to both actions which were expressly or by necessary implication adjudicated in the first, and it is an estoppel by judgment. 2 Freeman on Judgments, (5th Ed.) 1429."

In the cited case, the prior judgment was held res judicata. For an application of the rule of estoppel by judgment, see Wilkey v. Southwestern Greyhound Lines, Okl., 322 P.2d 1058.

The two habeas corpus actions in district court and the motion to vacate the adoption decree in the county court filed by Harlan G. Shaw involve the same parties, and, we think, are substantially identical in the relief sought.

In 50 C.J.S. Judgments § 714, page 184, it is said:

"Where the question of the jurisdiction of another court to act has been litigated and decided, judgment on that issue is conclusive between the parties."

The case cited in C.J.S. supporting that rule is Denny v. Searles, 150 Va. 701, 143 S.E. 484. Therein it was held that a final judgment that a court in another state had jurisdiction to appoint an administrator was conclusive against all parties to the action. Lack of jurisdiction, of course, would render the former judgment absolutely void.

In Muller v. Hendry, 171 Wash. 9, 17 P. 2d 602, 603, the natural mother of an adopted child brought an action in equity to set aside an order of adoption entered by the superior court on the ground that said order was induced by the fraudulent concealment of material facts. The judgment of the trial court dismissing the action was affirmed on the merits, and the appellate court further stated:

"Aside from this, however, there is a definite, legal ground which requires that the judgment from which the appeal in this case is taken must be affirmed. Subsequent to the adoption proceeding, and on or about May 11, 1931, Frances Muller, the appellant here, petitioned the superior court to vacate and set aside the order of the juvenile court, above mentioned, and also the order of adoption. Mr. and Mrs. Dolson appeared specially and moved to quash the petition and the notice attached thereto as to each of the orders; which motion was sustained and in each of the proceedings an order was entered quashing the notice and the petition to vacate. * * *.

"* * *. In the complaint in this case, substantially the same facts are stated which were stated in the petition to vacate the adoption order, and no appeal was taken from the order denying relief upon that petition. The petition in the adoption proceeding attacked the order entered in that case, and, since there was no appeal from the denial of the relief, the order denying such relief becomes res judicata. McCord v. McCord, 24 Wash. 529, 64 P. 748; Pierce County v. Bunch, 49 Wash. 599, 96 P. 164, * * *.

"It follows that the appellant, having attacked the validity of the adoption order, by petition, within the year allowed by statute and from an adverse order failed to appeal, cannot now, either by suit in equity or by petition under the statute, have the order again reviewed."

We are persuaded, by reasons of orderly jurisprudence and sound public policy, to hold that the judgment of the District Court of Oklahoma County in Cause No. 131,522 is final and conclusive on the parties thereto on the question of the validity of the adoption decree in Cause No. 24530 in the County Court of Oklahoma County, Oklahoma. It is *res judicata*. A matter finally decided by a court of competent jurisdiction cannot be again litigated between the same parties.

It follows that the County Court of Oklahoma County is without jurisdiction to consider the motion to vacate the adoption decree in Cause No. 24530 filed by

Harlan G. Shaw, or to proceed further in said cause, and the Judge of said court, respondent herein, should be and is hereby prohibited from so doing. State ex rel. Hunter v. Duncan, Okl., 288 P.2d 388; Harden v. District Court, 175 Okl. 417, 53 P.2d 247; Const. Art. VII, § 2.

Writ granted.