Application of Mark Gregory **CALDWELL** for a writ of Habeas Corpus.

Glenna Janet **CALDWELL**, Appellant,

v.

Mark Gregory **CALDWELL**, Appellee.

No. 46744.

Supreme Court of Oklahoma.

July 16, 1974.

Kenneth W. Lackey and Fred P. Wendel, Eufaula, for appellant.

John D. Boydston, Jr., Eufaula, for appellee.

HODGES, Justice.

This is a case involving custody of a four year old boy. The case arose in proceeding for a Writ of Habeas Corpus to enforce a California Decree which awarded the child to its father.

The parties had a great deal of marital difficulty beginning with a divorce proceeding first filed in November, 1971 in California. There were several instances when the mother had left the father, taking the child with her, and the father found them and took the child from the mother by force.

These incidents continued all during the time that the divorce was pending in the courts of California. Finally, in March of 1973, the mother and the child returned to Oklahoma.

The mother did not appear at the time the decree was entered on June 22, 1973. It was her testimony that this was not necessary, because she and her husband had agreed that she was to be awarded custody and could keep the child in Oklahoma. She also testified that she informed her lawyer in California of this fact, and that the lawyer did not advise her to return for the hearing, but instead told the mother that he intended to appear at the hearing for the sole purpose of collecting the balance of her fee.

There is no testimony, nor was any record introduced, as to what occurred at the California hearing. It is, however, apparent from the testimony that it was not an adversary hearing, but was in the nature of a default divorce decree.

At the time of the hearing for the Writ of Habeas Corpus, the mother, the child and the maternal grandparents were sharing a new, modern four bedroom house. The mother was working and the maternal grandmother looked after the child during the working hours.

The testimony was that within a week or ten days after the separation in March, the father contacted his lawyers in Oklahoma, and verified the whereabouts of the mother and child. However, he did not contribute to the support of the child nor make any inquiry as to the well being of the child.

No questions were raised that the child was not well fed or cared for or that the family surroundings were unsatisfactory. Nor was there any challenge as to her fitness or good moral character. The defendant in error was apparently satisfied that the child was being provided for until such time as he got his order in California, in her absence.

The trial court gave full faith and credit to the California decree, and found that there had been no change in condition since it was entered.

The mother contends that because the California decree was entered upon default and without a full hearing, the rule requiring a change in circumstances does not apply. We agree under the circumstances of this case.

The writ of habeas corpus is a common law writ directed to one person detaining a person, commanding him to produce the detained person at a designated time and place, to do, submit to, and receive whatever the court shall consider in that behalf. It is a collateral remedy and is independent of the legal proceeding un-

der which the detention is sought to be justified. It is an inquiry into the legality of the detention itself. Wilkerson v. Davila, 351 P.2d 311, 313 (Okl.1960).

■ The State of Oklahoma recognizes comity between states in custody proceedings, but not to the exclusion, or derogation of legitimate interests of its own citizens. In Re Adoption of Greer, 463 P.2d 677 (Okl.1969).

Justice Frankfurter concurring in May v. Anderson, 345 U.S. 528, 536, 73 S.Ct. 840, 844, 97 L.Ed.2d 1221, 1228 (1953) stated:

"* * * Children have a very special place in life which law should reflect. Legal theories and their phrasing in other cases readily lead to fallacious reasoning if uncritically transferred to determination of a State's duty towards children. * * * Interests of a State other than its duty towards children may also prevail over the interest of national unity that underlies the Full Faith and Credit Clause. But the child's welfare in a custody case has such a claim upon the State that its responsibility is obviously not to be foreclosed by a prior adjudication reflecting another State's discharge of its responsibility at another time." * * *

The syllabus of the court in Aufder Heide v. Kiskaddon, 79 Okl. 6, 190 P. 859 (1920) cert. denied, 254 U.S. 636, 41 S.Ct. 9, 65 L.Ed. 450 holds:

"A judgment of a sister state in a divorce proceeding giving the father the right to the care and custody of minor children is not, under the full faith and credit clause of the federal Constitution, binding in a habeas corpus proceeding upon the courts in this state, to which the children and mother removed, and where they have taken up their domicile. In such cases the paramount consideration is the welfare of the children."

■ It has been said that in an equitable proceeding of habeas corpus, which involves only the custody of the child, the legal right of the parent is subordinate, the best interest of the child is the question of foremost consideration. Berry v. Berry, 219 Ala. 403, 122 So. 615, 616 (1929). See also Aufder Heide v. Kiskaddon, 190 P. p. 861 supra. Especially is that true as this instance where there was no adversary proceeding.

Where a decree determining custody is entered upon default, it would be unrealistic to assume that the court which has no opportunity to observe the two contending parents upon the witness stand, or to examine the evidence concerning their fitness and the welfare of the child can serve the best interest of the child as well as it could in a court where the matter has been contested. It must accept the allegations of the petitioner or, at best, his uncross-examined testimony. In such a case, the rule that a change of circumstances must be shown before a change of custody can be ordered does not have its usual efficacy. Where, the court in the prior hearing heard the evidence and observed the parties, it can be assumed that all the circumstances existing at the time were made known to the court and that sound discretion was utilized. However, where the prior decree was entered by default, no such assumption can be indulged. Rankin v. Ferriter, 76 Wash.2d 533, 458 P.2d 176, 178, 179 (1969).

The mother's version is given credibility by the undisputed testimony of both parties that two investigative reports by the California courts recommended that custody be given to the mother, and that she did not appear at the hearing because she believed the father and agreed that she was to have custody of the child.

■ It was within the power of the trial court to deny the writ of habeas corpus upon the ground that the child's best interest would be served by permitting him to remain in the custody of his mother. We believe that the evidence supports this position. The petitioner did not contend that respondent was an unfit mother, or that the mental, moral and temporal welfare of the child was in jeopardy. He

contended himself with the argument that he had been awarded custody, and that change of circumstances must be shown before custody may be placed in the mother. The California judgment was entered contrary to an agreement that the mother was to have custody of the child, and therefore, the rule requiring a change in circumstances does not apply.

Reversed.

All Justices concur.