Joseph MANORA and Odessa R. Manora, parents and next friends of Kareem Ralon Manora, deceased, Appellants,

v.

WATTS REGULATOR COMPANY, Appellee.

No. 67403.

Supreme Court of Oklahoma.

Nov. 28, 1989.

John W. Norman, Oklahoma City, Okl., for appellants.

Scott Rhodes, Oklahoma City, Okl., for appellee.

SUMMERS, Justice:

Plaintiffs Joseph and Odessa Manora appeal from an order of the district court granting summary judgment to the defendant Watts Regulator Company.[1] Finding material factual disputes which preclude summary judgment, we reverse the order of the district court.

The case arises out of the tragic explosion at Star Elementary School in Spencer, Oklahoma. On the morning of January 19, 1982, a cafeteria employee reported that a high-temperature hot water heater appeared to be burning erratically. The maintenance center was contacted and a plumbing crew was dispatched to investigate the problem. After examining the hot water heater, the plumber decided that a gas valve was faulty. He located a replacement, changed the faulty valve, and tested the hot water heater to see that it was operating properly. Shortly after the plumber left, a cafeteria employee ran the dishwasher and noticed steam escaping from the dishwasher. The temperature gauge indicated that the water temperature was 220 degrees, 40 degrees over the normal temperature. The cafeteria employee reported the problem. Immediately thereafter, the custodian opened a hot water faucet and steam was emitted.

At 12:15 p.m. a violent explosion occurred at the north end of the cafeteria. Seven fatalities and thirty-three injuries resulted. It was determined that the hot water heater was the cause of the explosion.

The Fire Marshall conducted an investigation and filed a full report. The report stated that one causal factor, among others, was the inadequate temperature relieving capacity. This was caused by several different gauges and valves which were corroded or installed improperly. One such gauge was the temperature and pressure relief valve manufactured by defendant Watts. The function of this valve was to relieve pressure in the tank (1) when the water reached a certain temperature or (2) when the tank's pressure reached 125 pounds per square inch (p.s.i.). It is undisputed that the temperature element of the valve had been removed and was therefore inoperable. However, the valve was still capable of measuring the pressure inside the tank. Although the valve was set to open at 125 p.s.i. to reduce pressure inside the tank, testing revealed that the valve never opened below 133 p.s.i. and at one point, opened at 153 p.s.i. See Fire Marshall's Report, O.R. 1720.

Craig Jerner and Billy Lyn Thomas, in their depositions, agreed that the explosion was caused by a combination of factors. Thomas, a safety engineer, stated that the failure of the temperature and pressure relief valve coupled with the possible failure of the tank below its designed pressure caused the explosion. He opined that the tank probably failed below its designed pressure of 150 p.s.i. Jerner, another engineer, believed that the explosion was caused by the combined factors of a corroded tank and internal pressure caused by the faulty temperature and pressure valve.

Defendant Watts filed a motion for summary judgment, alleging that there were no material facts in dispute and judgment should be granted in its favor as a matter of law. In the motion, Watts stated that Thomas and Jerner could not state that the valve was defective. Attached to the motion were affidavits from Don Bunn and Joseph Ball as well as a copy of the Fire Marshall's report. In Bunn's affidavit he stated that to his knowledge the valve was not defective. Affiant Ball quoted the test

---

1. In five other cases involving different plaintiffs, but which arose out of the same incident, summary judgment was also granted to defendant Watts. On appeal, these cases were consolidated. A settlement was reached in these other cases and they have been dismissed. The only remaining appeal is that of the Manoras.

results shown in the Fire Marshall's report and stated that the test results accurately depicted the functioning of the valve. Watts relied heavily on the fact that the experts' depositions did not state that the valve was the sole cause of the explosion. O.R. 1763.

Plaintiffs responded to this motion and pointed out several areas in which they considered material facts to be in dispute. First, Jerner had stated that the combination of the valve and the tank caused the explosion. Plaintiffs also argue that the test results disclose that the valve was defective as it did not open at its set p.s.i. Lastly, plaintiffs rely on the answers given by the tank manufacturer in response to plaintiffs' requests for admissions. In its response, the tank manufacturer denied liability and denied that the tank was defective. Plaintiffs urge that this answer, coupled with the experts' testimony that it was either the tank, the valve, or a combination of the two which caused the explosion, leaves in dispute the cause of the explosion.

The trial court granted summary judgment to the defendant, ruling that no material facts were in dispute. Relying on *Weeks v. Wedgewood Village*, 554 P.2d 780 (Okla.1976), the court determined that the plaintiffs had no evidence to support the assertion that the valve was defective. From that ruling plaintiffs perfected this appeal.

Plaintiffs urge that the district court misapplied the law governing summary judgment. Summary judgment is a procedural tool used to reach a final judgment in those cases where there is no dispute as to any material fact. *Flanders v. Crane*, 693 P.2d 602, 605 (Okla.1984). This allows "the trial court to look beyond the pleadings to various evidentiary material in order to determine whether there is any issue of fact which must be submitted to a jury." *Id.* The court may not weigh the evidence, but may only review the evidence to determine whether there is a dispute over a factual issue. *Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okla.1978). When reviewing a motion for summary judgment, the court may consider depositions, admis-

sions, answers to interrogatories and affidavits. *Martin v. Chapel, Wilkinson, Riggs & Abney*, 637 P.2d 81, 84 (Okla. 1981); 12 O.S.1981, Ch. 2, App., Rule 13. All inferences in the evidence must be taken in favor of the opposing party. *Erwin v. Frazier*, 786 P.2d 61 (Okla.1989); *Culpepper v. Lloyd*, 583 P.2d 500, 502 (Okla.1978). Summary judgment will be denied if under the evidence, reasonable men might reach different conclusions from the facts. *Runyon v. Reid*, 510 P.2d 943, 946 (Okla.1973). Where different interpretations of the facts may be drawn as to a particular fact question, the issue should be presented to a jury. *Anderson v. Falcon Drilling Co.*, 695 P.2d 521, 524 (Okla.1985).

█  The moving party has the burden of showing there is no substantial controversy as to any material fact. *Loper v. Austin*, 596 P.2d 544, 545 (Okla.1979); *Runyon*, 510 P.2d at 946. If the movant raises an affirmative defense, as Watts does here, he must show that there is no substantial controversy as to the facts that are material to his defense. *Martin*, 637 P.2d at 84. After this showing is made by the moving party, the opposing party must then demonstrate the existence of a material factual dispute which would justify a trial. *Id.* The party opposing the motion may not rely solely on his pleadings, but may rely on any evidence presented, regardless of which party presented it. *Parsons v. Wood*, 584 P.2d 1332, 1334 (Okla.1978); *Culpepper*, 583 P.2d at 502. These burdens of proof may be met by circumstantial evidence. *See Kirkland v. Gen. Motors Corp.*, 521 P.2d 1353, 1364 (1974).

█  Consideration of the facts of this case leads us to conclude that material issues of fact remained unresolved. Evidence was conflicting as to the cause of the explosion and the functioning of the valve manufactured by Watts. Experts presented differing opinions as to whether the valve operated properly. Portions of the Fire Marshall's report support plaintiffs' claim that the valve did not function as designed. The manufacturer of the hot water tank denied liability. With factual

issues remaining, summary judgment was improper unless the defendant presented affirmative defenses which allowed judgment as a matter of law.

Defendant Watts raised two affirmative defenses: 1) the valve was materially altered after it left the hands of the manufacturer, and 2) plaintiffs' claim is barred by res judicata. As to the first defense, defendant points out that the temperature control element of the valve had been removed by a school employee, and that the valve was installed incorrectly. Watts asserts that had the temperature control element been left intact, the explosion would not have occurred. Applying the general products liability rule that a manufacturer is not responsible for a substantial change in the product, Watts concluded that, as a matter of law, it is not responsible for the explosion.

Plaintiffs agree that the temperature control element had been removed, but do not agree that this change was the cause of the explosion. They rebut Watts' argument, pointing out that the valve had two functions: 1) temperature control, 2) pressure control. Although the temperature capability was not functional, the pressure measuring capability should have been in working condition. Plaintiffs rely on Thomas' deposition, in which he stated that the pressure function of the valve should have operated to release pressure inside the tank, even though the valve was installed improperly and the temperature element had been removed.

Accordingly, taking all inferences in favor of the plaintiffs, and remembering that the moving party has the burden of proof with regard to affirmative defenses, we must agree that reasonable men could differ as to the interpretation of these facts. "Liability for injuries sustained by a user of an altered product may be imposed on a manufacturer or seller if the injuries were caused by a defect in the product as manufactured and sold." *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121, 125 (Okla.1984). Whether the alteration of the temperature and control valve caused plaintiffs' injury remains a question of fact for

the jury. Thus, summary judgment was not appropriate.

■ We next assess the affirmative defense of res judicata. Watts' argument is based on the unique factual situation presented by this case. A "lawyer pool" was allegedly formed by the various attorneys who were representing the claims of different plaintiffs, all of which arose out of the school explosion. On three occasions judgments were granted in favor of Watts against various plaintiffs. These rulings were not appealed by the parties. Watts now argues that these rulings are final and binding on the plaintiffs in this action because the plaintiffs' lawyer "materially participated" in the prior actions by joining the "lawyer pool."

In support of this argument, Watts relies on *Cartwright v. Atlas Chem. Ind. Inc.*, 623 P.2d 606, 611–612 (Okla.1981), wherein this Court explained when judgments are binding on parties and privies:

... Included under the rubric of 'parties' are also persons who, though not nominal parties to the action, have full control of the prosecution or defense in furtherance of their own interest and who enjoy, because of factual circumstances, all the rights of an actual party. A person falling in this category does become a privy in interest and is as completely bound by the judgment as if he had actually been named in the litigation.

While we agree that the doctrine of res judicata operates to bar relitigation by the parties or their privies of issues which were or could have been litigated in the prior action, *Erwin v. Frazier*, 786 P.2d at 64, clearly the doctrine has no application under these circumstances. The earlier judgments here were pursuant to settlements in favor of other parties, by which they agreed to be bound. Other counsel represented the settling plaintiffs. Under no theory could these parties plaintiff be bound by those agreed judgments binding other litigants represented by other counsel. *See Anderson*, supra, 695 P.2d at 526.

For these reasons, the judgment of the district court is vacated, and the matter remanded for further proceedings.

HODGES, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER and SIMMS, JJ., dissent.