2000 OK 73

Kenneth BROOKS, Petitioner,

v.

Tim BALTZ, Warden, Respondent,

and

Shelly Rhodes, Real Party In Interest.

No. 95,169.

Supreme Court of Oklahoma.

Sept. 28, 2000.

## ORDER

¶ 1 Petitioner is in custody pursuant to an order of commitment on a verdict of guilty for indirect contempt of court arising from failure to pay child support. He challenges the order requiring support payments, alleging that he did not receive notice of the hearing on the order, and that the order erroneously determined that he had previously been adjudicated the father of the child involved. The Court need not address the second ground, because the first is sufficient for issuance of a writ requiring Petitioner's release.

¶ 2 Petitioner filed a petition for writ of habeas corpus. Habeas corpus is in the nature of a summary application for the purpose of an inquiry into the legality of a petitioner's detention. *Application of Caldwell,* 1974 OK 93, ¶ 11, 525 P.2d 641, 642–643; *Wisener v. Burrell,* 1911 OK 128, 118 P. 999, 1000–1001. Apart from exceptions not applicable to this case today, a habeas corpus inquiry is a collateral attack upon an order of the District Court based upon jurisdictional flaws appearing on the face of the District Court's judgment roll. *Phelps v. Young,* 1931 OK 294, 299 P. 461, 462. In other words, to obtain habeas corpus relief a petitioner must show that the District Court order challenged is void. *Ex parte Bighorse,* 1936 OK 686, 62 P.2d 487, 489; *In re Patz-*

*wald,* 5 Okla. 789, 50 P. 139, 142 (Okla. Terr.1897). *Accord, Ex parte Thompson,* 94 Okla.Crim. 344, 235 P.2d 955, 958 (1951), (court explained that similar rule applied to both criminal cases and contempt cases). Habeas corpus may be used to challenge confinement by a person imprisoned for contempt in failing to obey a void order of the District Court. *Ex Parte Yahola,* 1938 OK 600, 90 P.2d 401 ; *Ex Parte Tennyson,* 1938 OK 586, 84 P.2d 637.

¶ 3 The District Court held a hearing in Petitioner's absence on November 4, 1999 and ordered Petitioner to pay child support. Petitioner states that he was not given notice of that hearing. His incarceration for contempt is based on his failure to pay in accordance with that order. His habeas corpus attack is that the order is void, i.e., that one of the three well-known jurisdictional elements is missing, and that the omission appears on the face of the record.

¶ 4 The Appendix filed herein is certified by the Clerk of the District Court as a true and correct record of the case in that court. Prior to the hearing on child support the record contains "Motion[s] to Set Child Support and Reduce Arrearage to Judgment" filed Sept. 16, 1999, Sept. 22, 1999, and October 14, 1999. None of these motions contains a certificate of service upon Petitioner or his counsel. One Notice of Hearing was filed September 16, 1999, but again that notice does not indicate that it was mailed or delivered to Petitioner, or for that matter, to anyone.

¶ 5 District Court Rule 2 states that proof of service of a motion "shall be made" by the attorney of record's certificate, or if another makes the service, by affidavit by that person, and that proof thereof "shall be filed" with the court clerk or endorsed upon the filed motion. Rule 2 states in part the following:

Where service of a pleading, motion or other instrument is made by delivery, the delivery shall be performed by any person who is 18 years of age or older. Proof of service, whether made by delivery or mail, *shall be made* by the certificate of an attorney of record, or if made by any other

person, by the affidavit of such person. Such certificate or affidavit shall set forth the name of the person served and the date, place and method of service, and it *shall be filed* with the court clerk or it shall be endorsed upon the pleading, motion or instrument that is filed with the clerk. The provisions of this paragraph do not apply to the service of a summons or the pleading that is served with the summons.

12 O.S.1991, Ch. 2, App., Rule 2(b)(iii), (emphasis added).

 ¶ 6 Construing Rule 2 as we do statutes results in making "shall" a mandatory requirement. *Osprey L.L.C. v. Kelly–Moore Paint Co., Inc.*, 1999 OK 50, n. 12, 984 P.2d 194, 199. The Court has construed statutes requiring notice of hearings as mandatory. *See, e.g., Walkingstick v. Board of Adjustment of the City of Tulsa*, 1985 OK 70, 706 P.2d 899. Fundamental fairness cannot be afforded except within a framework of orderly procedure, and that fairness includes giving notice of certain judicial events altering legally cognizable rights. *Joiner v. Brown*, 1996 OK 112, 925 P.2d 888, 890. Failure to give notice of a hearing for the adjudication of rights falls short of the minimum standards of due process and is a jurisdictional error, unless the requirement is waived by the party affected. *Heiman v. Atlantic Richfield*, 1991 OK 22, 807 P.2d 257, 260–261. Further, we have declined to impose upon counsel a general duty to monitor the dockets of cases unless certain events trigger such a duty. *Heiman, supra*, at 261; *Larry Jones International Ministries, Inc. v. Means*, 1997 OK 125, ¶ 12, 946 P.2d 669. We also note that the burden imposed on litigants by Rule 2 is slight, in that it allows different types of notice, including the simple certificate of mailing by counsel. We therefore conclude that the requirement of notice in Rule 2 is mandatory, and the failure to give record notice of the hearing to Petitioner is a jurisdictional defect.

¶ 7 This Court ordered responses from Respondent and Real Party in Interest with directions to the latter to specifically address how notice of the hearing was made. Her response states the following:

1. The requirement was satisfied.

2. No appeal was taken from the Order of November 4, 1999.

3. Petitioner raised the notice issue in a motion to vacate the judgment, the District Court denied Petitioner relief, and the time to appeal from the judgment has elapsed.

 ¶ 8 First, in support that the requirement was satisfied, the response cites to "Appendix p. 90" where there appears a certificate of service by the attorney certifying that on *November 11, 1999* a copy of the journal entry of November 4th was mailed to Petitioner. This service after the hearing is insufficient to satisfy the requirement of notice of the hearing. ¶ 8 The second argument fails because a void judgment will not support a res judicata defense in a subsequent habeas corpus proceeding challenging that judgment. *Bruce v. Miller, 1960 OK 266, 360 P.2d 508*, 511–512. The third argument might have merit in that a District Court determination of a jurisdictional issue does support a plea of res judicata. *Bruce v. Miller, supra*. However, res judicata is an affirmative defense. *Manora v. Watts Regulator Co., 1989 OK 152, 784 P.2d 1056*, 1059. The party raising the defense must provide the Court with those facts necessary to support the plea. The record before us shows that motions to vacate were filed July 19, and 20, 2000, **but the record, including the certified appearance docket, does not show any journal entry or other document adjudicating those motions.** Thus, from the record before us the time to commence an appeal from that decision has not expired. Res judicata does not apply to a non-final matter. *Matter of the Estate of Sneed, 1998 OK 8, ¶ 13, 953 P.2d 1111* ; *Panama Processes v. Cities Service Co., 1990 OK 66, 796 P.2d 276*, 283. Our order requiring a response herein states three times that Real Party in Interest must provide the Court with an Appendix in compliance with Okla.Sup.Ct.R. 1.191 to raise any fact not already of record in the proceeding. Her defense of res judicata is not supported by the record in the habeas corpus proceeding. Similarly, Real Party in Interest has not argued or pointed to any matter of record for the purpose of

showing that Petitioner waived the required notice of the hearing.

¶ 9 We conclude that the face of the judgment roll shows that Petitioner did not receive notice of the hearing held November 4, 1999 that required the payment of child support. Thus, that order is void and cannot be used as a basis for indirect contempt of court for non-payment of support. Petitioner's application to assume original jurisdiction is granted, and Petitioner's petition for writ of habeas corpus is also granted. Okla. Const. Art. 7 § 4.

¶ 10 This Order shall serve as a writ of habeas corpus, and the **Respondent, Warden Tim Baltz, is hereby commanded to immediately release from custody the petitioner, Kenneth Brooks. Respondent Baltz shall file a return to the writ in this Court showing the time, date, and location of Petitioner's release from custody.** .

¶ 11 **The Clerk of the Supreme Court shall cause this Order to be served upon Respondent, Warden Tim Baltz, in addition to notification of counsel of record.**

¶ 12 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 28th DAY OF SEPTEMBER, 2000**

¶ 13 SUMMERS, C.J., HODGES, LAVENDER, KAUGER, WATT, BOUDREAU, WINCHESTER, JJ.—Concur

¶ 14 HARGRAVE, V.C.J.—Concurs in part, dissents in part

HARGRAVE, V.C.J.—Concurs in part, dissents in part.

¶ 1 I would grant the writ and refer the writ to the District Court of Tulsa County for a full hearing.