OSCN Found Document:KNOX v. OKLAHOMA COURT OF CRIMINAL APPEALS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 KNOX v. OKLAHOMA COURT OF CRIMINAL APPEALS
2017 OK 2
Case Number: 115321
Decided: 01/17/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 2, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ANTONE LAMANDINGO KNOX, Petitioner,
v.
OKLAHOMA COURT OF CRIMINAL APPEALS, JUDGES ARLENE JOHNSON, CHARLES JOHNSON, GARY L. LUMPKIN, CLANCY SMITH AND DAVID B. LEWIS, Respondents.

¶0 ORDER DENYING WRIT OF HABEAS CORPUS 

¶1 The Court notes Petitioner's petition for rehearing. The Court grants rehearing and vacates its order on October 24, 2016, which dismissed this proceeding.

¶2 The effect of a motion or pleading is determined by its substance and not the title affixed by the party. State ex rel. Dept. of Transportation v. Cole, 2009 OK 40, ¶ 13, 236 P.3d 49, 52; State ex rel. Wright v. Oklahoma Corp. Comm., 2007 OK 73, ¶ 50, 170 P.3d 1024, 1039. Petitioner's motion for writs of mandamus and prohibition requests vacation of his criminal judgment and sentence, and the opportunity for oral argument and an evidentiary hearing in this Court. Habeas corpus is in the nature of a summary application for the purpose of an inquiry into the legality of a petitioner's detention. Brooks v. Baltz, 2000 OK 73, ¶ 2, 12 P.3d 467, 468; Application of Caldwell, 1974 OK 93, 525 P.2d 641, 642-643. Petitioner's filings are construed as a request for a writ of habeas corpus to inquire into his incarceration.

¶3 The Oklahoma Supreme Court does not provide appellate review of a judgment on a criminal cause of action, and the Court of Criminal Appeals has exclusive appellate jurisdiction in criminal cases. Dutton v. City of Midwest City, 2015 OK 51, ¶ 19, 353 P.3d 532, 540. Although petitioner names the Court of Criminal Appeals and its judges as respondents, his allegations are that the rulings of that court did not grant him relief from his criminal conviction. No legally cognizable issue of institutional deficiency is raised by petitioner's allegations concerning his conviction and that court. Id. 2015 OK 51 at ¶ 22. The Oklahoma Supreme Court does not possess original jurisdiction to adjudicate petitioner's challenge to his criminal conviction. Petitioner requests this proceeding not be transferred to the Court of Criminal Appeals.

¶4 Original jurisdiction is assumed on the petition for writ of habeas corpus for the sole purpose to adjudicate whether the Court has jurisdiction to proceed. Clark v. Farris, 2015 OK 62, 358 P.3d 932. We decline to assume original jurisdiction on the merits of petitioner's claims because they do not invoke any request for relief within this Court's civil original jurisdiction. The petition for writ of habeas corpus is denied.

¶5 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 17TH DAY OF JANUARY, 2017.

/S/CHIEF JUSTICE

CONCUR: COMBS, C.J.; GURICH, V.C.J.; KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and REIF, JJ.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 73, 12 P.3d 467, 71 OBJ 2578, BROOKS v. BALTZ
Discussed
 1974 OK 93, 525 P.2d 641, APPLICATION OF CALDWELL
Discussed
 2007 OK 73, 170 P.3d 1024, STATE ex rel. WRIGHT v. OKLAHOMA CORPORATION COMMISSION
Discussed
 2009 OK 40, 236 P.3d 49, STATE ex rel. DEPARTMENT OF TRANSPORTATION v. COLE
Discussed
 2015 OK 51, 353 P.3d 532, DUTTON v. CITY OF MIDWEST CITY
Discussed at Length
 2015 OK 62, 358 P.3d 932, CLARK v. FARRIS
Discussed